**Sylvio MILANI, Appellant,**

**v.**

**Delbert MILLER, Jr., et al., Respondents.**

**Edwin SCHARIO, Appellant,**

**v.**

**Delbert MILLER, Jr., et al., Respondents.**

**Nos. 58389, 58390.**

Supreme Court of Missouri,
Division Two.

Dec. 16, 1974.

London & Greenberg, Norman S. London, Lawrence J. Fleming, St. Louis, for appellants.

Jack L. Koehr, City Counselor, John J. Fitzgibbon, Associate City Counselor, St. Louis, for respondents.

HENRY I. EAGER, Special Commissioner.

This cause involves petitions for review in two cases which were heard before the Board of Police Commissioners of the City of St. Louis. Both decisions were affirmed. Since they involve the same legal contentions, the appeals were consolidated. The appellants have not included in either transcript filed here the evidence heard by the Board, so all findings of fact made by it will be deemed to be conclusively established. Counsel say, in fact, that "the sufficiency question is not raised in this appeal." It is appellants' contention that the part of Rule 7 of the Police Manual (7.001 and 7.002) involved here and to be discussed later, is invalid on its face as violative of the due process clauses of the federal and Missouri Constitutions. We have had some doubt of the sufficiency of the procedure employed to raise this issue, and respondents have questioned it, but the matter involved is of some public interest and importance, and we accept jurisdiction; this is particularly appropriate since, if we now transfer the cause, we might be required later to accept it on re-transfer after opinion.

The respondents, members of the Board, have filed a motion to dismiss the appeals for deficiencies in appellants' brief. The brief is deficient in certain respects, but for the reason stated above, we have concluded that we should decide the merits. We sought to supplement one of the transcripts by direction to the appellants' attorneys, through our clerk's office; this was finally accomplished by direct communication with the Circuit Clerk.

Section 84.170, RSMo 1969, V.A.M.S. gives to the St. Louis Board of Police Commissioners the authority to make all such rules and regulations (with exceptions not involved here) as it may judge necessary for the "discipline, trial and government of the police." Rule 7.001, thus enacted, provides in part that every member of the department shall conduct themselves [sic] in such a manner that no discredit will be brought upon the Department or themselves [sic] in particular, and (Rule 7.002(c)) that this shall include any conduct, immoral or otherwise, unbecoming to a member of the Department.

By a charge and specifications Officer Milani, who was a Sergeant, was charged with violating Rule 7.002(c) by disturbing the peace of a named individual, and also in that he did at a named time and place attempt to strike two persons with his automobile, all "without lawful justification or excuse, contrary to the good order and discipline of the Department." After a hearing, with counsel present, the Board found Milani guilty as charged, found the facts to be as stated, reduced him from Sergeant to Patrolman, and directed the Chief of Police to reassign him. In so doing the Board found: that although off duty at the time Milani was subject to the Rules and Regulations; that after some shouting in a bar at one of two persons named, he did, at a specified street location, operate his automobile "in such a manner, so as to strike either or both" of such persons requiring them to take affirmative action in avoidance. It concluded that it had the power under § 84.170 aforesaid to discipline the accused, that it had the right to apply its reasonable judgment and discretion to the evidence based

upon "its experience in the government and administration of the Department," and that Milani had violated Rule 7, Section 7.002(c) and "brought discredit upon the Department and himself." A petition for review was filed alleging the facts generally and a contention that the Rule in question was "so vague and indefinite as not to provide any reasonable standard of enforcement nor to properly and adequately advise Plaintiff of what acts are prohibited or required of him," and therefore was violative of both the United States and Missouri Constitutions; the petition also alleged that the Rule purported to make Milani responsible for acts in no way connected with his duties as a police officer and thereby violated his constitutional "rights of privacy." The Circuit Court affirmed on review, and after an unsuccessful "Motion to Amend Judgment" Milani appealed.

Appellant Schario was charged with a violation of Rule 7.001, in that he brought discredit upon the Department and himself by driving a certain police van cruiser over the curb and upon and along the public sidewalk, at a stated time and place while on official duty. This charge is amplified somewhat by statements in Schario's petition for review to the effect that he was charged in "a warrant" with common assault upon a named person, by means of a police cruiser on the day in question; that charge very clearly arose out of the same acts as were charged by the Board. It was further alleged in the petition: that the assault charge was dismissed about six months later for want of prosecution; that he had been suspended from duty without pay, but was reinstated with back pay after the dismissal. The Board's charges against him were filed shortly after that reinstatement.

The Board also filed a second charge and specification against Schario to the effect that he had violated Rule 3, Sec. 3.-108(h) requiring that all officers shall use police vehicles in a safe manner, avoiding hazardous or careless operation, in that he drove the police van upon the sidewalk at a specified time and place, endangering the occupants of the vehicle, pedestrians, and the property of the city. A full hearing was held on both charges with counsel present. The Board made findings of fact, stated its conclusions of law, and found Schario guilty on both charges. On the first charge his punishment was the loss of pay during the period of his suspension, from January 29, 1972 to August 9, 1972; on the second, he was reduced in rank to probationary patrolman for a period of 30 days. The Board found: that Schario had, as charged, driven a police cruiser onto the sidewalk, that he had thus endangered the lives and safety of the occupants of the vehicle, the property of the city, and pedestrians, especially one Nathaniel Jackson who was standing on the sidewalk; that this was done in conveying certain prisoners to a hospital and without justification or legal excuse, and contrary to good order and discipline. The Board stated certain general conclusions as to its authority, rights and discretion in the premises, and further concluded that Schario had brought discredit upon the Department and himself, and had endangered the lives and safety of the occupants of the said vehicle, pedestrians, and the property of the city. Schario filed a petition for review stating the basic facts, the pendency and dismissal of the assault charge against him, and the discipline imposed. He further alleged: that the order of the Board was arbitrary; that it constituted an abuse of discretion; that the regulations in question are so vague as not to provide any reasonable standard of enforcement or properly advise him what acts are prohibited, and that they are violative of the due process and equal protection clauses of the United States and Missouri Constitutions. He also alleged that he had been punished twice for the "same alleged conduct." The Circuit Court affirmed on review and Schario appealed.

The primary issue in these cases is the constitutional validity of Sections 7.-001 and 7.002(c) of Rule 7, upon their

faces and as applied in these cases. We shall consider these sections together. The first requires that an officer's conduct shall be such that no discredit will be brought upon the Department in general or upon himself; the second incorporates into the first any conduct, immoral or otherwise, unbecoming to a member of the Department. We see no essential difference in the two, from the standpoint of validity. Schario was charged under 7.001 and Milani under 7.002(c). Chapter 84 of our statutes and particularly § 84.170 delegates very broad powers and discretion to the St. Louis Police Board in all matters of regulation and "discipline, trial and government of the police." The granting of a large degree of discretion to that Board was upheld in ABC Security Service, Inc. et al. v. Miller et al., 514 S.W.2d 521 (Mo.1974), as against the claim that legislative power had been unconstitutionally delegated. By analogy, much that was said in that opinion is applicable here: "However, the tendency is toward greater liberality in permitting grants of discretion, Milgram Food Stores, Inc. v. Ketchum, 384 S.W.2d 510 (Mo.1964), and the validity of any grant of discretion will depend largely upon the nature of the activity with respect to which it is exercised. Ex parte Williams, 345 Mo. 1121, 139 S.W.2d 485 (1940). The courts recognize three general exceptions to the strict rule which requires the inclusion of standards in an ordinance or statute when a delegation is made to an administrative body: (1) where the ordinance or statute deals with situations which require the vesting of some discretion in public officials, and where it is difficult or impracticable to lay down a definite, comprehensive rule; (2) where the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety and general welfare; (3) where personal fitness is a factor to be taken into consideration."

In Schrewe v. Sanders, 498 S.W.2d 775 (Mo.1973), the dismissal of a police officer of St. Louis for "conduct unbecoming of an officer" in violation of Rule 7.002 was upheld. The specifications were that he had struck a prisoner several times with his night stick while the man was strapped on a stretcher. The petitioner claimed that he had not been sufficiently advised of the conduct which would thus be charged as a violation. The Court held that he had, and also that the evidence was sufficient to support the charge. The validity of the Rule was not directly challenged but the case is of interest in the holding that in such disciplinary proceedings the basis of the charges need not be stated with such technical precision as in an indictment or information. This, in effect, distinguishes (and rightly so) the construction of disciplinary rules of this nature and charges thereunder, from the strict construction placed upon criminal statutes. It is sufficient if one is "fairly apprised" of what acts will constitute a violation of the Rules, and of what offense he has committed.

In McCallister v. Priest et al., 422 S.W. 2d 650 (Mo.banc 1968), this Court held that Rule 15, § 2 of the St. Louis Police Manual, permitting discipline and removal for "general inefficiency" was not unconstitutionally void for vagueness. There the Rule itself was attacked. The Court also noted that under §§ 84.120 and 84.150 the Board had the power to remove "for cause" independent of Rules, and that the appellant had adequate notice of the cause for which his removal was sought. The Rule there was attacked on grounds almost identical to those advanced here.

In Parker et al. v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), a Captain of the Army Medical Corps was charged by Court Martial with conduct "unbecoming an officer and gentleman," and with "disorders and neglects to the prejudice of good order and discipline"; also with refusing to obey an order. The evidence conclusively showed that he had publicly urged Negro enlisted personnel to refuse to go to Vietnam and to refuse to fight there, because they were sacrificed

and discriminated against; and also that he had stated publicly that the Special Forces were "liars and thieves" and "killers of peasants. * * *" Upon conviction he was dismissed from the service and sentenced to three years at hard labor. He sought habeas corpus on the ground that the Articles of the Military Code quoted from above were "void for vagueness" under the Due Process Clause of the Fifth Amendment and "overbroad" in violation of the First Amendment. Relief was denied but the Court of Appeals reversed, and the Supreme Court accepted jurisdiction. That Court held: that the Articles (as quoted) were not unconstitutionally vague under the Due Process Clause; that they had been construed over a period of many years by the military courts and had acquired certain "specificity," and that they should be viewed in that light; that the Articles above quoted constitutionally and clearly prohibited the appellee's conduct and that he had "fair notice" thereof; that he therefore had no standing to challenge the Articles on the ground that they might be vague as applied to others or to some hypothetical case. One other feature worthy of note is that the Court held that the "military is, by necessity, a specialized society separate from civilian society"; that it had developed its own laws and traditions, and that sanctions of varying degrees are and must be permitted in the "military community" which are not recognized in civilian life. One teaching of this case is that the military may, from necessity, regulate a broader range of conduct, and in less precise terms, than does the civilian criminal law; this necessity, of course, is primarily that of maintaining discipline. The case would also suggest that in the regulation of a vast metropolitan police department the necessities of discipline, morale and public confidence should permit the establishment of a broad range of proscribed conduct, without detailing every possible offense, and thus without the precision required in criminal statutes and procedure.

The appellants here rely on no Missouri authorities. They cite in their brief and do rely on: DeGrazio v. Civil Service Commission of the City of Chicago, 31 Ill. 2d 482, 202 N.E.2d 522 (1964); Flynn v. Giarrusso, 321 F.Supp. 1295 (E.D.La., 1971); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 81 L.Ed. 888 (1939), and Avrech v. The Secretary of the Navy, 155 U.S.App.D.C. 352, 477 F.2d 1237 (1972). They originally cited and relied upon the decision of the Court of Appeals in Levy, supra, but that is now, as we construe it, an authority against them. They have cited four other cases on vagueness generally, which are so far removed on their facts that they are not worthy of discussion.

In DeGrazio, a police lieutenant had traveled over Europe on a pleasure trip with a person supposedly known as an underworld character. In disciplinary proceedings he was found guilty of violating Rules (1) forbidding the association or fraternizing "with persons known to have criminal records," and (2) of conduct unbecoming a policeman. He was "removed from office." Upon appeal the first Rule was held invalid for vagueness in that the term "criminal record" was wholly undefined; the Court said that it might require an arrest, an indictment with a subsequent acquittal, the conviction of a misdemeanor or city ordinance, or the conviction of a felony. Even the witnesses did not agree as to its meaning and the Court also said that one might only guess at its meaning. The finding of guilt was affirmed as to the second Rule, and the Court upheld the finding that the accused had, in view of his companion's reputation in Chicago, been guilty of conduct unbecoming a police officer. The Rule which was held invalid is in nowise like ours, but the one which is similar to ours was not even under attack. The case is not at all persuasive here, particularly in view of our own Missouri authority.

In Flynn v. Giarrusso, supra, the police officer wrote a police newsletter article critical of the police administration. He

was suspended for a violation of Articles which (1) prohibited unjust criticism or ridicule, and (2) which required every officer to "conduct himself in accordance with the highest degree of morality which is required of the law enforcement profession," and not to reflect discredit upon himself or the Department. (Another Article was included which is immaterial here.) The first Article is so dissimilar to ours that it requires no discussion; it was held primarily to infringe upon the right of free speech. The second was questioned primarily in that a requirement of the "highest degree of morality" was a most doubtful standard which no one could safely judge. We do not feel that the issue in that case was sufficiently similar to ours to make it persuasive but, insofar as it might be, its effect would seem to have been neutralized by the decision in Parker v. Levy, supra.

The case of Lanzetta v. New Jersey, supra, involved a criminal statute where a more precise form of notice is required. Its facts are not relevant here and the case is obviously cited only for its general disapproval of vagueness in a criminal statute.

The case of Avrech v. The Secretary of the Navy, 155 U.S.App.D.C. 352, 477 F.2d 1237 (1972) disapproved for vagueness one of the Articles of the Uniform Code of Military Justice; that Article was upheld against attack in Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). It would seem therefore that the case is of no further force or effect.

Appellants have now cited, since the argument, the recent case of Bence et al. v. Breier et al., 501 F.2d 1185 (C.A.7, 1974), in which the Court, in a two-to-one decision, held invalid a rule of the Milwaukee Police Department permitting discipline for "conduct unbecoming a member and detrimental to the service." The Court cited and discussed cases pro and con, thus showing how controversial the question has been and is. There the plaintiffs, as official representatives of the police union, had merely written and posted on the bulletin boards a letter to the City's Labor Negotiator suggesting consideration of a supposed defect in the realm of compensation, without going through the normal police channels. They had been reprimanded. The majority held that the rule was impermissibly vague. It relied in part upon cases involving criminal statutes. It distinguished the Levy case, supra, as one involving the discipline of a "specialized society" (i. e., the military) in which customs and usages had imparted certain accepted meanings to the provisions of the military code, and also in that the appellee (Levy) had fair notice that his conduct would be and was proscribed by the regulation. The opinion concluded that even if the regulation was not unconstitutionally vague on its face, its application *under the circumstances of that case* would be impermissible. This would seem to mean that as to acts clearly prohibited, the enforcement of the regulation would be permissible; the same idea is recognized in Levy, and one might conclude that this was the real basis of the Bence decision. The type of violation involved in Bence was entirely different and much more of a "border-line" situation than those in our cases; and the Court, in view of the nature of the offense, relied in part upon the First Amendment, which is wholly immaterial in our case. The separate concurring and dissenting opinion in Bence is worthy of note. It would hold, with convincing arguments, that the Rule was not vague per se.

■ We do not believe that Levy was effectively distinguished there. In our opinion the principles announced in Levy fairly indicate the constitutional validity of the regulations in our case, certainly as applied to these appellants, although there are factual differences. If this is not true, then it is certain that the Supreme Court has not passed upon the question. We hold that the principles declaring the validity of such regulations as necessary for the discipline of the military, are also applicable to the internal regulation and discipline of a metropolitan police department. We

may legitimately assume that by custom, usage and "experience" a reasonable degree of "specificity" has been afforded in the application of the regulations involved here, and that the members of the Department are familiar with their responsibilities and duties. We are not dealing with a criminal statute which may leave the public uncertain as to its permissible conduct. It would be impossible to specify every act or omission which might and properly should constitute a violation. It is impossible to discuss all of the cases touching upon this subject.

 From the foregoing we conclude that §§ 7.001 and 7.002(c) of Rule 7 were enacted within the lawful power and authority of the Board; that insofar as these appellants (and each of them) are concerned, the sections were and are not unconstitutionally vague, they were not unconstitutionally applied, and that appellants respectively had "fair notice" that their acts would constitute violations of the rule. We do not and need not decide whether these sections of the Rule are valid and enforceable in all instances and in all applications. They are not void and invalid on their faces and in all events.

 The fact that Officer Milani was not on duty when he committed the offense in question is of no consequence. He was at all times a member of the Department (a Sergeant) and was known as such, on and off duty. His act of engaging in a sort of public brawl and attempting to strike two persons with his car, was certainly "unbecoming to a member of the Department," whenever performed.

 Appellant Schario does not attack Rule 3.108(h), under which he was also charged, and expressly says that he takes no issue with it. His point with reference to that Rule is somewhat hard to follow. He says that "The Rule in question [apparently meaning Rule 7] as applied to him is unconstitutional, in that he was found guilty and disciplined under both rules for the same act." It first

seemed to us that he was complaining of double punishment upon a theory of double jeopardy. This was particularly stated in the petition for review. Such an objection here is of doubtful value, since the constitutional provisions apply only to an "offense," meaning a criminal offense. And even in those cases it has frequently been held that one act may constitute two different offenses, if each offense necessitates proof of an essential fact or element not required in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931); United States v. Phillips, 432 F.2d 973 (C.A.8, 1970); Cardarella v. United States, 375 F.2d 222 (C.A.8, 1967); State v. Richardson, 460 S.W.2d 537, loc. cit. 539 [1] (Mo.banc 1970), and cases cited. Here a required element under Rule 7 (and not under Rule 3) was a finding that the act brought discredit upon the Department or upon Schario, while an essential element under Rule 3 was a finding that the act endangered pedestrians, occupants of the vehicle and property of the city. The charge under Rule 7 involved an offense against the Department, while that under Rule 3 constituted also an offense against individuals and property. The differing elements were found to exist in each case, and such findings cannot be contested here. If the complaint is of double punishment, it is denied.

 This appellant seems to contend further that the additional application of Rule 3 to his conduct makes Rule 7 unconstitutional as to him, because it shows the "abuse" to which Rule 7 may be subject, and also shows that it may be applied unequally and with discrimination. There is no evidence here, and it would be impossible to find any inequality or discrimination. Under the findings as made, which stand wholly uncontroverted here, Schario was clearly guilty of both charges. In such event he cannot complain that the Rule might be invalid as to others, or that either charge was unconstitutional as applied to him. Parker v. Levy, 417 U.S. 733,

94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). And due process, in the constitutional sense, is not involved in such disciplinary proceedings under the Missouri statutes. McCallister v. Priest et al., 422 S.W.2d 650 (Mo. banc 1968). The application of Rule 3 to Schario did not create or show any constitutional invalidity in Rule 7. The point is denied.

The judgments of the Circuit Court affirming the decisions and orders of the Board of Police Commissioners in both cases are affirmed.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.