**Theodis BROWN, Plaintiff-Appellant,**

v.

**T. D. McNEAL et al.,
Defendants-Respondents.**

No. 40184.

Missouri Court of Appeals,
Eastern District,
Division One.

June 26, 1979.

Motions for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Oct. 10, 1979.

London, Greenberg & Fleming, C. John Pleban, Karen C. Moculeski, St. Louis, for plaintiff-appellant.

Whalen, O'Connor, Danis & Tobben, David O. Danis, St. Louis, for defendants-respondents.

SMITH, Judge.

Appellant police officer appeals from the judgment of the trial court affirming the action of the Board of Police Commissioners of the City of St. Louis in discharging appellant for violation of departmental rules.

The appellant was charged in two separate charge sheets of rules violations occurring on two different occasions. The first

set of charges arose from actions by the appellant on July 20, 1975, in arresting Ronny Neal for peace disturbance without reasonable cause or sufficient evidence and in making conflicting reports concerning the incident. The second set of charges arose from appellant's actions on November 9, 1975 in which he is charged with having failed to properly investigate and report an assault upon one Connie Johnson and with having failed to prepare a proper report on a threatening phone call to Paul Anderson. The Board found appellant to have been guilty of all four charges and ordered his dismissal on each set of charges. He attacks the sufficiency of the evidence to support the findings on each charge.

■ The charges involving the Johnson-Anderson occurrences are clearly supported by the evidence. In each case a violation of the law was reported to the appellant and in each case he failed to prepare a police report of the matter contrary to a departmental rule requiring "reports, in conformity with established procedures, on all matters that come to his attention that require reporting." In each case the appellant had convinced the victim that a report would be useless since the victim could not identify the offender, and each victim had indicated that in that case they wouldn't make a report. The obligation to report is that of the police officer, not the victim. The evidence also supported the conclusion that appellant did not adequately investigate the Johnson assault.

■ The Neal charge concerning improper arrest is also fully supported by the evidence. That evidence warranted a conclusion that appellant, while at home, approached from the outside of his house a man who had come to his front door to inquire about purchasing fencing lying at the rear of appellant's house, and without justification arrested him, initially for trespass and subsequently for peace disturbance. Appellant's contention that this conduct occurred while he was off-duty and therefore could not furnish a basis for departmental discipline was ruled contrary to his position in *Milani v. Miller*, 515 S.W.2d 412 (Mo.1974). The departmental rule that "the power to arrest without warrant should be accompanied with prudence and discretion, with enough reasonable cause and supporting evidence to support the charge" applies whether the officer is off duty or on duty when he makes the arrest.

■ The second charge in the Neal incident involved reports which appellant made concerning that incident, initially on July 20, 1975, and thereafter on August 22, 1975. The Board found that the reports were "conflicting" but did not make a finding that either was false. The rule which appellant was charged with violating prohibits "false" reports.[1] "Conflicting" and "false" are obviously not synonymous. The Board did not find that appellant made a false report. Its conclusion that appellant violated the rule is not supported by its finding of fact and cannot stand.

■ Appellant's contention that he was improperly denied discovery of the department's internal investigation file has been ruled adversely to appellant in *Cox v. McNeal*, 577 S.W.2d 881 (Mo.App.1979); *Miller v. Whaley*, 581 S.W.2d 916 (Mo.App. E.D.1979). *See also National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536 (Mo.App.1977). There is no merit in the contention.

■ Appellant also premises error upon the failure of the board to declare a mistrial following certain remarks by the President of the Board during the testimony of a

1. The section of the rules in which this provision is found apparently relates to official reports. It specifically provides that an official report shall not be prepared on incidents involving officers, on or off duty, by an officer if he is the "victim or participant in any capacity not related to their performance as a police officer." The reports which form the basis of the complaints against appellant were (1) essentially a witness' statement on the day of the occurrence and (2) a report to the department during the investigation by the department of the complaints against appellant. This latter "report" was predominantly an explanation of the earlier report. While we entertain some doubts that the false reporting rule applies to these reports, we need not reach that issue.

witness. Appellant contends that the remarks[2] demonstrated bias and denied appellant a fair hearing. Although the President's remarks were inaccurate and regrettable, we do not find that they rose to the level found in *Jones v. State Department of Public Health and Welfare*, 354 S.W.2d 37 (Mo.App.1962) to warrant a new hearing. Officer Bonney had been called as a witness by the department attorney and his testimony was in part damaging and in part beneficial to appellant. The testimony he presented was largely cumulative. No questioning occurred after the remarks so there is no indication that the question caused the witness to be intimidated or prevented appellant from obtaining any favorable testimony from the witness. The remarks were an isolated incident and the error of the President's statement was immediately corrected by appellant's counsel before the Board. We do not find that the remarks demonstrated hostility or bias toward *appellant* or that they precluded him from a fair hearing.

Judgment of the trial court is reversed as to that portion of Count II of appellant's petition covering Charge II of Metropolitan Police Department File No. 75/71. In all other respects the judgment of the trial court is affirmed.

WEIER, C. J., and SNYDER, P. J., concur.

2. "*QUESTIONS BY COL. McNEAL:*
Q. I have a question, Officer Bonney. You understand, of course, that you are under oath?
A. Yes, sir.
Q. Have you had any occasion to discuss your testimony here today previously with Mr. Pleban? [Appellant's counsel].
A. No, sir, other than this morning.
COL. MEHAN: What district are you in now?
THE WITNESS: I am assigned to the Mobile Division.
* * * * * *
Q. (By Mr. Pleban) And as a matter of fact, Officer, you are not down here today at the request of the Department, are you?
A. No.
Q. You are down at my request, aren't you?
A. Yes.
Q. And we sat back in the lunch room there this morning?
A. Yes.

Q. And we talked about what your involvement was with Connie Johnson?
A. Yes.
Q. Did I ever tell you what to say?
A. No, sir.
COL. McNEAL: The Officer has perjured himself already. He said he has not discussed it with you.
MR. PLEBAN: I would like to qualify on that immediately, please. Mr. Reporter, would you read back the Officer's testimony?
(Portion of the testimony read.)
MR. PLEBAN: I am going to move for a mistrial at this time on the basis of the Colonel's remarks.
COL. MEHAN: Overruled.
MR. DANIS: No further questions.
COL. McNEAL: Nothing further.
MR. PLEBAN: That is all.
COL. MEHAN: You can step down.
(Witness excused.)"