**STATE of Missouri ex rel. Charles McGRATH and Wilbert J. Marshall, Appellants,**

v.

**Theodore McNEAL, Edward J. Walsh, Jr., George T. Mehan, Salees Seddon, John H. Poelker (Comprising the Board of Police Commissioners, St. Louis, Missouri), Respondents.**

No. 40650.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied Jan. 15, 1980.

---

London, Greenberg & Fleming, C. John Pleban, St. Louis, for appellants.

Lashly, Caruthers, Rava & Hamel, Kenneth C. Brostron, St. Louis, for respondents.

SMITH, Judge.

Relators appeal from the judgment of the trial court quashing an alternative writ of mandamus and dismissing their petition. Relators are corporals in the St. Louis Police Department. Defendants were the Board of Police Commissioners of the City of St. Louis.[1] The petition sought a writ of mandamus to compel the respondents to promote relators to the rank of sergeant with retroactive backpay "from the date and time of the first promotions to the rank of sergeant immediately following relators' acquisition of rank of corporal." Marshall was promoted to corporal in November 1950; McGrath in April 1954.

The basis of relators' claim is Sec. 84.170, R.S.Mo. 1978 which provides in pertinent part as follows:

"84.170 . . . 1. When any vacancy shall take place in any grade of officers, it shall be filled from the next lowest grade; provided, however, that probationary patrolmen shall serve at least six months as such before being promoted to the rank of patrolman; patrolmen shall serve at least three years as such before being promoted to the rank of sergeant; sergeants shall serve at least one year as such before being promoted to the rank of lieutenant; lieutenants shall serve at least one year as such before being promoted to the rank of captain; and in no case shall the chief or assistant chief be selected from men not members of the force or below the grade of captain. Patrolmen shall serve at least three years as such before promotion to the rank of detective; the inspector shall be taken from men in the rank not below the grade of lieutenant."

In addition Police Manual Rule 8.201 provides as follows:

"When any vacancy shall take place in any grade of officers it shall be filled from the next lowest grade except as may be provided for in the selection of

1. Since the judgment of the trial court, Marshall has retired from the police force. All members of the police board named as defendants have been succeeded by new members.

**56**

Chief, Assistant Chief, and Inspector. Promotions shall be made according to fitness and merit, as determined by the Board."

It is relators' contention that the provisions of the statute and the rule require that no person from a grade below that of corporal i. e.: patrolman, be promoted to sergeant as long as there are corporals who could be promoted to that rank. We will deal only with the statute because Sec. 84.-170(2) R.S.Mo. 1978 provides that the police board may make rules not inconsistent with the statutory provisions.

In determining the meaning of the statutory provision some history is required. The present provision was apparently first enacted in 1899 in virtually identical wording. Sec. 6216 R.S.Mo. 1899. At that time, and until 1945, there was no rank of corporal. Sec. 6213, 6214 R.S.Mo. 1899. In 1943 the General Assembly authorized reappointment of all police officers who had left or would thereafter leave the force to serve in the military forces during World War II. These reappointments were authorized even if it had the effect of increasing the size of the force beyond that authorized by statute. It was also provided that "All necessary reductions in rank shall be made to enable the boards to reappoint officers above the rank of patrolmen as aforesaid to the end that the number of such officers shall not exceed that provided for in this article." Laws 1943, p. 705. In 1945, the General Assembly reduced the number of patrolmen (previously referred to as policemen in the sections dealing with rank complements) by 215. At the same time a new position of corporal was created with a limit of 204 positions, the same as the number of sergeants authorized. The pay of corporals was exactly midway between the pay of patrolmen and sergeants. The provision for hiring veterans was included in the same form in the new act. Laws 1945, p. 1257. In 1957, the General Assembly provided that no more corporals would be appointed but included a grandfather clause protecting those already serving in that rank. The complement of patrolmen was set at a given number (1500) but with authorization

that a new patrolman could be appointed for each corporal "promoted, demoted, removed, resigned or otherwise separated" but the total number of patrolmen could not exceed 1704. The complement of corporals remained at 204, as did the complement of sergeants. Laws 1957, p. 251. The salary of corporals was the same as patrolmen with six years service in grade qualified for merit increase. Laws 1957, p. 253.

■ There is no legislative history available concerning the actions of the General Assembly in creating the rank of corporal. We think it reasonable, however, to conclude that it was intended to allow a graceful implementation of the veteran rehiring policy enacted in 1943. That policy called upon the board to demote non-veteran police officers to allow return of higher ranking veterans to their former rank. The timing of the establishment of the corporal rank and its subsequent abolition would support such a conclusion. The statute should be interpreted with this policy in mind and it is our function to ascertain and give effect to the legislative intent. *State v. Kraus,* 530 S.W.2d 684 (Mo.banc 1975) [1, 2]. Where an ambiguity exists it is proper to consider the history of the legislation and the ends to be accomplished in resolving the ambiguity. *Person v. Scullin Steel Co.,* 523 S.W.2d 801 (Mo.banc 1975) [1]. Implied repeals of legislation are not favored. *Maryland Casualty Co. v. General Electric Co.,* 418 S.W.2d 115 (Mo.banc 1967). Apparently conflicting provisions should, if possible, be construed to give effect to both. *State ex rel. Safety Ambulance Service, Inc. v. Kinder,* 557 S.W.2d 242 (Mo.banc 1977) [4, 5].

■ We will accept for purposes of our decision relators' contention that the rank of corporal is the next lowest grade to the rank of sergeant, although respondents dispute this. The first clause of the statute would appear, therefore, to support relators' position that all corporals must be promoted to sergeant before any patrolman is. But following that clause are a series of provisos—some in the nature of explanation and some in the nature of exceptions. Among

those provisos is one that patrolmen must serve three years in rank before being promoted to sergeant. That provision has remained in the statute constantly since 1899. Unless it can be considered an exception to the first clause it obviously could have had no vitality from 1945 until 1957 when the established number of sergeants and corporals was the same, nor for some lengthy period thereafter until all sergeant vacancies had been filled by available corporals. At that point vitality would suddenly be breathed back into the provision. Such an implied repeal and implied reenactment should not be favored.

Furthermore, it is apparent that other exceptions to the "next lowest grade" provision exist within the statute without specific identification as exceptions. The ranks of chief (colonel) and assistant chief (lieutenant-colonel) may be filled by officers of the rank of captain or above. The inspector (lieutenant-colonel) may be selected from lieutenants and above. The statute obviously does not mandate absolute adherence to the "next lowest rank" limitation. While it is possible that the General Assembly may have simply overlooked the patrolman-with-three-years-experience provision when it created the rank of corporal, it is equally possible that it viewed the patrolman provision as an exception to the next lowest rank requirement as it obviously did with other positions.

■ The courts have recognized that the board of police commissioners has been given broad discretion by the general assembly in the government of the police, particularly where a question of personal fitness is involved. *Milani v. Miller*, 515 S.W.2d 412 (Mo.1974) [2–4]. This grant includes the power of employment and appointment, Sec. 84.170(2) R.S.Mo. 1978, and necessarily of promotion. To interpret the statute so as to force the board to appoint persons not found by the board to have the requisite qualifications for promotion would do violence to this broad discretionary grant. We find rather that the provisions of the statute authorize the board to promote either corporals, or patrolmen with three years

experience in grade, to the position of sergeant. Such an interpretation is in keeping with the rules of statutory construction, the history of the statutes involved, and the general policies reflected in the grant of power to the board of police commissioners.

Judgment affirmed.

SNYDER, P. J., and PUDLOWSKI, J., concur.