Walter PLODZIEN, Plaintiff–Appellant,

v.

Donald H. WHALEY et al.,
Defendants–Respondents.

No. 42016.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied
Feb. 9, 1981.

C. John Pleban, London, Greenberg & Fleming, St. Louis, for plaintiff–appellant.

David O. Danis, Samuel B. Murphy, Jr., Whalen, O'Connor, Danis & Tobben, St. Louis, for defendants–respondents.

SNYDER, Judge.

This is an appeal from a judgment of the circuit court of the City of St. Louis affirming an action of the St. Louis Board of Police Commissioners (Board). The Board dismissed appellant Walter Plodzien from the St. Louis Metropolitan Police Department and ordered that he forfeit all pay during his period of suspension from April 14, 1977 through the date of his dismissal.

Appellant charges the circuit court erred in affirming the decision of the Board because the Board's order was not supported by substantial and competent evidence and because Rule 7, § 7.010(f) of the Police Manual is so vague, indefinite and uncertain as to deprive appellant of his right to due process of law and is therefore unenforceable. The appellant's claims of error are denied and the judgment of the trial court affirmed.

Officer Dennis Horton of the Metropolitan Police Department of the City of St. Louis was on patrol at approximately 2:50 a. m. on April 14, 1977 when he heard gunshots. Officer Horton then proceeded to the viaduct on Mississippi Avenue over Interstate Highway 44. He saw a person, later identified as appellant Plodzien, standing in the middle of the west–bound traffic lanes of Interstate 44 discharging a revolver into the air in different directions. Officer Horton did not see anyone else in the vicinity of appellant. There were two cars parked on the shoulder of Interstate 44 immediately adjacent to where appellant was standing, a blue 1971 Oldsmobile parked fifteen feet in front of a brown–and–white 1976 Oldsmobile Cutlass.

Officer Horton summoned additional help, returned to the scene, announced he was a police officer and requested appellant to drop his gun. Appellant pointed his gun at Officer Horton and said, "This is the

police down here too," upon which Officer Horton and another officer fired warning shots and again demanded that appellant drop his gun. Appellant then dropped his weapon and was arrested. Officer Horton's examination of the 1971 Oldsmobile disclosed it was heavily damaged and had what appeared to be bullet holes in the automobile body, although Officer Horton did not at any time see appellant actually firing shots into it.

Officer Horton observed that appellant appeared to be excited and intoxicated at the time of the arrest, and that his gait was wobbly and his speech slurred. There was also a strong odor of alcohol on appellant.

Officer Michael Andrews, assigned to the Evidence Technician Unit, came to the scene and examined the 1971 Oldsmobile. He testified that in his opinion some of the damage to the Oldsmobile was caused by bullets. He found numerous empty cartridges in the vicinity of the Oldsmobile. Officer Andrews was an evidence technician, but not engaged in actual laboratory analysis. He had been assigned to the Evidence Technician Unit for approximately seven months.

A blood sample was taken from appellant, analyzed and found to contain .16 percent ethyl alcohol.

Appellant at 9 a. m. on April 14 was ordered by a superior officer to submit a report concerning the events of the early morning but refused to do so.

Certain charges and specifications alleging violations of the rules and regulations of the metropolitan police department were prepared and a disciplinary hearing held, after which the Board ordered that appellant be dismissed from the St. Louis Metropolitan Police Department and forfeit all pay during the period of his suspension.

The standard for judicial review of an action of an administrative agency is set out in the Missouri Constitution Article 5, Section 18 and § 536.140, RSMo 1978. In the case under review, the court must determine whether the action of the Board is supported by substantial and competent evidence upon the whole record. Rule 100.-07(b)(3). *Edmonds v. McNeal*, 596 S.W.2d 403, 407[1] (Mo. banc 1980).

Specification 1 of Charge I against appellant accused appellant of firing a revolver at and wounding one Curtis Amos. The Board found appellant guilty of this charge and specification, but this finding was reversed by the trial court. Appellant briefs this issue as a point relied on, claiming there was no substantial and competent evidence to support the Board's decision on this point, just as the trial court found. However, because respondent did not appeal from the trial court judgment on this fact issue, it is not properly before this court for review. *Davis v. Perkins*, 512 S.W.2d 868, 875[8] (Mo.App.1974).

Specification 2 of Charge I alleged that appellant, while in an intoxicated state, fired shots which damaged a 1971 Oldsmobile. The Board found the appellant guilty of this charge and specification. Appellant claims error by the trial court in affirming the finding because it was not supported by the evidence and because the Board erred in admitting into evidence the expert testimony of Officer Michael Andrews. This point is ruled against appellant.

Officer Dennis Horton testified that he saw what appeared to be gunshot damage to the 1971 Oldsmobile. Officer Michael Andrews, assigned to the Evidence Technician Unit, also testified that in his opinion some of the damage to the 1971 Oldsmobile was caused by bullets. Officer Andrews testified that the holes and dents in the Oldsmobile were new. The paint had chipped and there was no rusting. He also found at least eleven .38–caliber shell casings near the Oldsmobile, the same caliber as appellant's weapon. In addition, Officer Andrews found slugs and fragments of bullets in the dashboard of the Oldsmobile.

Appellant attacked the qualifications of Officer Andrews because he had only been with the Evidence Technician Unit for seven months. However, there was sufficient evidence to qualify Officer Andrews as an expert and the extent of that qualification would go to the weight of

the evidence not to its admissibility. *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 801–802[16–17] (Mo.App.1975). Appellant adduced no evidence to refute the testimony of Officers Horton and Andrews, and the Board chose to believe their testimony. There was competent and substantial evidence to support the Board's finding.

Appellant next argues that he was not intoxicated and was fit for immediate duty on the occasion in question. Appellant was found guilty by the Board of violating Rule 7, § 7.010(f) of the Police Manual by being so intoxicated from drinking alcoholic beverages that he was unfit for immediate duty. Officer Horton testified that there was an odor of alcohol about appellant, that his gait was wobbly and his speech slurred, and a test revealed that appellant's blood contained .16 percent of ethyl alcohol. The evidence was conflicting. Officers Casey, Marshall and Engelbrecht all testified that appellant was not intoxicated, although all three testified appellant appeared "dazed," and Casey and Marshall on cross–examination admitted they could smell alcohol on appellant's breath. In addition Officers Casey, Marshall and Engelbrecht appeared on the scene at least fifteen minutes after appellant had been arrested.

■ It is not grounds for reversal on appeal that the record contains evidence in conflict with the findings of the Board. *Hanebrink v. Parker*, 506 S.W.2d 455, 458[8] (Mo.App.1974). If there is substantial and competent evidence to support the finding of the Board and the finding is not contrary to the overwhelming weight of the evidence, even though the evidence would warrant either of two opposed findings, the reviewing court is bound by the administrative tribunal's findings. The determination of the credibility of the witnesses is the function of the administrative tribunal. *Edmonds, supra,* 407–408[5–8]. *Board of Education, Mt. Vernon Schools v. Shank,* 542 S.W.2d 779, 781–782[2–6] (Mo. banc 1976). In this case the testimony of Officer Horton and the percentage of alcohol in appellant's blood constituted substantial and competent evidence of appellant's in-toxication and the Board finding was not against the overwhelming weight of the evidence in spite of the testimony of the other three police officers. Appellant's conduct in standing in the middle of the west–bound traffic lanes of an interstate highway, wildly discharging a revolver into the air in several directions could also have been the basis of an inference of intoxication when considered with the blood test and Officer Horton's testimony.

Appellant's fourth point relied on charges error by the trial court in affirming the Board's finding that appellant was guilty of Specification 1 of Charge III by discharging his department–issued service revolver without legal cause or justification in violation of Rule 9, § 9.061 of the Police Manual. This point is also ruled against appellant.

■ The evidence was sufficient to support a finding that appellant violated the rule. He was found standing in the middle lane of an interstate highway firing his revolver wildly into the air. He fired it at least eleven times either in the air or toward the 1971 Oldsmobile.

Appellant's claim that he discharged his service revolver because he was attempting to capture and arrest a person responsible for having robbed him at knife point needs little discussion. The only evidence of this was the hearsay testimony of other officers who were at the scene of the arrest and who said that appellant had informed them at the scene that he had been robbed at knife point. Appellant did not testify. Appellant's method of firing the gun at the scene did not support his claim of defense against a robbery. There was no evidence that a robber was on the scene and no corroboration of this excuse for the firing of the weapon. The credibility of the hearsay testimony was for the Board to decide. There was substantial and competent evidence to support the Board's finding that appellant did not have any justification or legal cause to discharge his weapon.

Appellant next asserts there was no substantial and competent evidence to support a finding that he was guilty of Specification 1 of Charge IV when he refused to obey a

direct order of a superior officer in violation of Rule 9, § 9.001(b) of the Police Manual. Appellant argues there was no admissible proof that the order was issued. This point also is not well taken.

■ Detective Robert Buzzetta testified that he heard Captain Julian Boyd order appellant to make a report or submit a report regarding his actions on Interstate 44 on the morning of April 14, 1977. Appellant's hearsay objection to this testimony was overruled. The hearsay rule is not applicable to the order because it was a verbal act witnessed by the detective. *State ex rel. 807, Inc. v. Saitz*, 425 S.W.2d 96, 99–100[2, 3] (Mo.1968); *Miller v. Brunson Construction Co.*, 250 S.W.2d 958, 962[9, 10] (Mo.1952). Detective Buzzetta was available for cross–examination on what he had heard and observed. The order was offered not for the truth of the assertion contained in it, but to show that an order had been given, an independently relevant fact. Since its value does not rest on the credibility of an out–of–court declarant there is no need for the hearsay rule to safeguard against falsification or inaccuracy. See *McKenzie Transport Leasing Co. v. St. Louis Public Service Co.*, 349 S.W.2d 370, 372[1, 2] (Mo.App.1961). Detective Buzzetta's testimony about appellant's negative response and failure to write a report is sufficient to support the Board's conclusion that appellant did not obey the order.

The only case cited by appellant is *Hess Construction Co. v. State Tax Commission*, 579 S.W.2d 645 (Mo.App.1979) which is not applicable. *Hess* involved the issue of an expert witness's reliance upon hearsay statements in a tax assessment hearing. The hearsay statements were offered to prove the truth of their content, not, as in the case under review, to prove only the fact that an order was given.

■ Appellant's final allegation of error also must be denied. He argues that Rule 7, § 7.010(f)[1] of the Police Manual is so vague and indefinite as to deprive appellant of due process of law and is therefore unenforceable. (Rule 7 was promulgated under authority granted in § 84.170.2, RSMo 1978.) The constitutionality of two other sections of Rule 7 of the Police Manual was considered in *Milani v. Miller*, 515 S.W.2d 412, 419[6–9] (Mo.1974). The same reasoning applies here and is controlling.

The two sections considered in *Milani* were 7.001 which provides that every member of the department shall conduct himself in such a manner that no discredit will be brought upon the department or himself and 7.002(c) which provides that this shall include any conduct, immoral or otherwise, unbecoming to a member of the department. The supreme court concluded that 7.001 and 7.002(c) were not unconstitutionally vague and that appellants in *Milani* had fair notice their acts would constitute violations of the rule. Rule 7.010(f) is less vague than the rules considered by the court in *Milani*.

There is no way in which every fact situation which might arise could be proscribed in a rule. Discretion must be granted to the Board. Appellant was given adequate notice and a hearing at which he was permitted to offer evidence in his defense. The procedural protections required by law for persons dismissed for violations of police manual rules are not as strict as those required for persons charged with crimes. Insofar as appellant is concerned, the section in question is not unconstitutionally vague and was not unconstitutionally applied.

Appellant cites *Washington Mobilization Committee v. Cullinane*, 566 F.2d 107 (D.C. Cir. 1977), *United States v. Black*, 291 F.Supp. 262, 266[7–9] (D.C.N.Y.1968), and *Zwickler v. Koota*, 389 U.S. 241, 249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967) to support his allegation of unconstitutionality. The cases are distinguishable.

1. Rule 7, § 7.010:
   "Acts contrary to good conduct shall include, but not be limited to the following:

   · · · · ·

(f) Drinking alcoholic beverages when off duty to an extent which would render him unfit for immediate duty."

Individuals and unincorporated associations sought an injunction in *Cullinane* restraining the Washington D.C. police from alleged future violations of the constitutional rights of demonstrators. Of course this court is not bound by rulings on constitutionality made by the United States Court of Appeals, but that court in fact held, after discussing "vagueness" as a factor in determining constitutionality, that the Washington D.C. police regulation attacked by plaintiffs was not unconstitutionally vague. *Cullinane, supra,* 119[10].

*United States v. Black* involved a challenge to a section of the United States Code, not a police manual rule.

The United States Supreme Court expressed no view on the constitutional validity of the New York criminal statute in Zwickler, *supra.* The case in no way supports appellant's challenge of a police manual rule.

The judgment of the circuit court affirming the ruling of the Board is affirmed.

WEIER, P. J., and CRIST, J., concur.