Vernon COX, Appellant,

v.

Homer E. SAYAD, et al., Respondents.

No. 45611.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
March 17, 1983.

Application to Transfer Denied
April 26, 1983.

C. John Pleban, St. Louis, for appellant.

David Danis, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Appellant, a police officer employed by the City of St. Louis Police Department, appeals from the judgment of the trial court affirming the Board of Police Commissioners' order suspending appellant from work for two days without pay for violation of department rules. We affirm.

Appellant had been a police officer for sixteen years and handled over two hundred death cases. On June 15, 1980, he was on duty as a beat patrolman. At approximately 12:30 p.m., appellant arrived at 3012 Caroline Avenue to investigate a reported death. Appellant, accompanied by an ambulance driver, entered a dimly lit room in the house where they found a body covered by a blanket. Using a pen light, appellant observed a laceration on the face of the corpse but did not inspect the body further. Appellant then called the medical examiner's office and reported that he had viewed the body and observed no marks of violence. The body was then taken outside and appellant noticed that it was covered with blood stains and had other marks of violence in addition to the facial laceration. After questioning those present at the house where the body was found, appellant arrested a suspect.

When appellant returned to the police station, he wrote a preliminary report of the homicide which stated, *inter alia,* "[u]pon arrival, the victim was observed laying in a south bedroom on her back, head to the north, feet to the south, completely nude with several marks on her body." In a direct report submitted on June 16, 1980, appellant stated that he had noticed only a facial laceration when the body was indoors and that only after the body was taken outdoors did he notice the blood and other markings.

In Count I, the Board found that appellant neglected his duty by failing to examine the body for marks of violence and then informing an investigator for the medical examiner's office that he had in fact examined the body. In Count II, the Board found that appellant was guilty of false reporting because the preliminary report, which stated that he had observed several marks on the body upon arriving at the scene, contradicted the direct report which stated that he did not see marks on the body until it was moved outside.

■ Our review of administrative decisions is limited to a determination of whether the decision was supported by competent and substantial evidence upon the record as a whole; whether the decision was arbitrary, capricious or unreasonable; and whether an abuse of discretion appears. *Stovall v. Civil Service Comm'n of the City of St. Louis,* 636 S.W.2d 364, 366 (Mo.App. 1982). We may not substitute our judgment of the evidence or the credibility of the witnesses for that of the administrative agency. *Id.*

■ Appellant first contends that there was no specific duty imposed on him by the rules of the St. Louis Police Department to examine a corpse for marks of violence. In the alternative, appellant claims that if such a duty did exist, his examination of the corpse did not constitute neglect of duty.

Appellant was charged with violating Rule 9.00(1)(r) of the police manual which states that an officer shall be disciplined for "neglect of duty." Since appellant is a beat patrolman, his duties are described in § 3.108 of the police manual which states in part:

3.108 Duties of Beat Patrolman—Each patrolman, in discharge of his duties shall ... be accountable to his superior officers for his performance of duty which includes, but is not limited to, the following:

(a) he shall be consistently aware that his basic function is patrol of his assigned beat, to accomplish the prevention and suppression of crimes, the arrest of law violations, the protection of life and property and the preservation of the place.

This section of the police manual goes on to enumerate eighteen express duties, none of which, as the Board concedes, is applicable to the present situation. Appellant contends that the catchall phrase "but is not limited to" fails to give notice of any duty that is required of a police officer. Appellant further contends that he is entitled to be apprised of what acts will constitute a violation of police manual rules. *Milani v. Miller,* 515 S.W.2d 412, 416 (Mo.1974). As this court stated in *Plodzien v. Whaley,* 610 S.W.2d 63, 67 (Mo.App.1980), it is impossible for the police manual to precisely prescribe every affirmative duty or proscribe every act of misconduct for the myriad of factual situations that are presented to the police officer. Although appellant's superior officer testified that it was the common practice and procedure for a police officer to examine a corpse before contacting the medical examiner, the crux of the charge against appellant was that he misrepresented to the medical examiner's office that he had examined the body. Competent and substantial evidence was presented to support the Board's finding that it was a dereliction of duty for appellant to report to the medical examiner's office that he had viewed the corpse when, in fact, he had not. We find appellant's first contention without merit.

■ Appellant next contends the charge of false reporting cannot be sustained by proof of the fact that the preliminary report contradicts the subsequent direct report. Appellant's report which stated that he saw the marks of violence on the body upon arriving at the scene and his later report which stated that he did not see the marks until after the body was moved cannot both be true. The reports themselves were competent and substantial evidence to support the Board's express finding that appellant's reports were contradictory and that therefore one of them must have been false. *Compare Brown v. McNeal,* 586 S.W.2d 359, 361 (Mo.App.1979). Appellant's second contention is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.