**James EUBANK, Appellant,**

v.

**Homer E. SAYAD, et al., Respondents.**

**No. 46940.**

Missouri Court of Appeals, Eastern District, Division Four.

March 13, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1984.

Application to Transfer Denied June 19, 1984.

C. John Pleban, St. Louis, for appellant.

David Danis, St. Louis, for respondents.

SMITH, Judge.

Police officer Eubank appeals from the judgment of the trial court upholding the action of the Board of Police Commissioners of St. Louis in assessing disciplinary punishment against Eubank. We affirm.

The Board's action was based upon occurrences of New Year's Day 1980 while Eubank was off-duty. He and a companion were in a lounge in St. Louis County in the afternoon shooting pool. An altercation broke out between Eubank's companion, Lange, and one of two men with whom they were playing. Following this altercation Eubank and Lange left the lounge and went to another one. Eubank admitted drinking in both lounges. Upon returning to Lange's home they learned that two men fitting the description of the other two players had been at the house making threats against Lange and his family. Lange set out in search of the men and was transported in the quest by Eubank in Eubank's car. Upon locating the quarry nearby, Lange immediately left the vehicle and attacked the men. Eubank participated in the ensuing brawl. His reason, he testified, was to break up the fight. He did not attempt to contact the local police, did not identify himself as a police officer and there was testimony that his participation was more intense than simply that of a peacemaker. After the fight was broken up by St. Louis County police, Eubank was taken to a hospital by Sgt. Voelpel where he voluntarily submitted to a blood alcohol test. That test showed .10% alcohol in the blood. Sgt. Voelpel, a police officer for 35 years, testified that Eubank appeared to be intoxicated and unfit for duty.

Eubank was charged with violation of a Board rule prohibiting "conduct unbecoming a member of the Department" in engaging in a physical altercation. He was also charged with violation of a rule prohibiting a member of the Department from "drinking alcoholic beverages when off duty to an extent which would render him unfit for immediate duty." The Board found him guilty of both charges and assessed a punishment of demotion to probationary patrolman for one year.

Eubank's first challenge is to the sufficiency of the evidence to support the two findings of violation of the rules. Our review of factual findings of administrative agencies is extremely limited. We review the evidence in the light most favorable to the Board's findings and reverse only if there is no substantial evidence in support. *Macchi v. Whaley,* 586 S.W.2d 70 (Mo.App. 1979) [1, 2]; *Hanebrink v. Parker,* 506

S.W.2d 455 (Mo.App.1974) [4–7]. As to the "unbecoming" charge Eubank contends his participation in the affray was an attempt to cease the combat and therefore was with just cause or excuse. This contention overlooks two facts: (1) Eubank provided the transportation to Lange to take him to the scene of the fight under circumstances where he knew Lange's intentions were not peaceful and (2) Eubank made no attempt to summon police assistance or to identify himself as a peace officer when such summons or identification might have served to produce the peace he testified he desired. The evidence was sufficient to support the Board's finding of Eubank's unjustified participation in the altercation. His further contention that the rule has no application when an officer is off-duty has been fully answered to the contrary in *Milani v. Miller*, 515 S.W.2d 412 (Mo.1974) [10] and *Macchi v. Whaley, supra*, [3–5].

Eubank's challenge to the drinking charge is three-fold. Initially he contends the evidence of the blood test was inadmissible because of inadequate proof of chain of custody of the blood.[1] We find the evidence sufficiently established that the blood taken from Eubank was the same blood tested by the chemist. *State v. Foster*, 490 S.W.2d 659 (Mo.App.1973).

■ Secondly, Eubank contends the results of that test do not establish a sufficient level of intoxication to hold him unfit for duty.[2] The rule does not require "intoxication." It is framed in terms of ability to perform police duties. A blood alcohol level of .10% is sufficient to be found guilty of driving with excessive blood alcohol content. Sec. 577.012 RSMo 1982 Cum.Supp. In the regular course of his duties, a police officer drives vehicles on the public streets, is armed, and must on occasion utilize his firearm. We find no error in a Board finding that a police officer with at least a .095% blood alcohol level is unfit to assume those duties. Furthermore, Sgt. Voelpel testified that Eubank was intoxicated and unfit for duty. Finally, Eubank contends that he was not due on duty for three more days and was not in fact immediately called back to duty and therefore cannot be subject to the rule. As heretofore pointed out, regulations of police officers' conduct may properly encompass both their on- and off-duty hours. *Milani v. Miller, supra.* In a very real sense a police officer is never truly off-duty. This is exemplified by another rule of the Board which provides that acts contrary to good conduct include:

> "Failing to be prepared at all times to act immediately whether or not during the specific hours allotted to a member of the Force for the performance of his scheduled duty, or failing to detect and prevent crime and failing to preserve the peace and order, when not in uniform and off duty, or when in uniform and on duty."

The rule on drinking is intended to implement the officer's continuous obligation as a peace officer.[3] The evidence was sufficient to support both findings of misconduct by the Board.

Eubank's remaining contentions that regulation of his off-duty conduct is an invasion of privacy and that the rules are vague and indefinite have been decided to the contrary in *Milani v. Miller, supra,* and *Macchi v. Whaley, supra,* and need not be further discussed.

Judgment affirmed.

GAERTNER, P.J., and FRANK CONLEY, Special Judge, concur.

---

1. Eubank's sub-contention that he was "forced" to give the blood thereby allegedly rendering the results inadmissible is unsupported by the record. Eubank's and Voelpel's testimony was that the blood was taken with Eubank's consent following a request by Voelpel.

2. Eubank contends the chemist's testimony placed the alcohol level between .005 and .10. The chemist testified the results could be in error by .005%. That placed the level between .095 and .105.

3. We note further the Board rule providing that "each armed member of the Department, when on or off duty, while in the State of Missouri, shall carry a revolver..." *See, Macchi v. Whaley, supra,* [3–5].