**Stanley WARE, Appellant,**

v.

**Homer E. SAYAD, et al., Respondents.**

**No. 48123.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Application to Transfer Denied
Oct. 9, 1984.

London, Greenberg & Pleban by C. John Pleban, St. Louis, for appellant.

Danis, Reid, Murphy, Garvin, Tobben, Schreiber & Mohan by David O. Danis and Richard Alan Cooper, St. Louis, for respondents.

SMITH, Presiding Judge.

Stanley Ware appeals from the judgment of the Circuit Court affirming the decision of the Board of Police Commissioners of the City of St. Louis which found Ware guilty of violation of three police department rules. The Board assessed punishment as reduction in rank for six months on each charge.

Sergeant Flowers, Ware's superior officer, requested Ware to meet him at an intersection in St. Louis. At the meeting, Flowers gave Ware a general description and the name and address of a 10 year old boy suspected of having stolen $300 from a nearby business.[1] Flowers read the information from the back of a "hot sheet" where he had recorded it. Ware did not write the information down. When requested to do so he stated that a lot of 10 year old boys in the neighborhood matched that description. Flowers then ordered Ware to write the information down. Ware then called Flowers a "jack-off." Flowers ordered Ware back to the station in reply to which Ware repeated the appellation twice more but did return to the station. Upon returning, Flowers prepared a report of misconduct which ultimately led to the disciplinary hearing.

Count I charged Ware with "disrespect" of a superior officer by calling the superior an obscene name. Count II charged Ware with "conduct detrimental to public peace

---

1. There was a dispute as to whether Flowers supplied a name and address of the suspect to Ware. We view the evidence in the light most favorable to the Board decision.

or welfare" because of his failure to record the information being given him by his sergeant. Count III charged Ware with "neglect of duty" because of his failure to take any steps to apprehend the suspect.

■ Counts I and III are easily disposed of. The term used by Ware is obscene and disrespectful. Its use in referring to a superior officer is disrespect. There is no evidence that Ware's use of the term was provoked by Flowers as Ware contends and even if provocation occurred it does not warrant a disrespectful response. The Board's findings on Count I are fully supported by the evidence.

■ The "neglect of duty" charged occurred only because Ware was ordered back to the station house before he could take any steps to apprehend the suspect. To have disobeyed that order would have subjected him to disciplinary action for refusal to obey the direct order of a superior. The evidence does not support the Board's finding on Count III.

A violation of the "conduct detrimental" rule was found, by the Board, to be supported by a custom and usage in the department "wherein when one officer is relaying information to another officer about a suspect, the officer receiving the information records the information in a department furnished notebook." The Board also found that even after Flowers "told Officer Ware to write down the information" Ware failed to do so. The only evidence of such a custom came from Flowers who said there was such a custom but that whether specific information should be written down "would be judgment on the individual." He acknowledged this could depend on the quality of memory of the individual officer. In this case Flowers testified that he planned to accompany Ware to arrest the suspect.

■ Rules of police conduct couched in general terms such as that before us have been upheld against attacks of unconstitutional vagueness. The courts have recognized that custom, usage and experience afford a reasonable degree of specificity in the application of such regulations. *Milani v. Miller*, 515 S.W.2d 412 (Mo.1974)[5]. But that case also recognizes that such facial validity does not make such rules valid and enforceable in all instances and in all applications. [6–9]. We are unable to find a basis in this record for application of this regulation in this situation. The "custom" relied upon is dependent on the judgment of the officer involved. Under the circumstances, we cannot conclude, nor could the Board conclude, that Ware's failure to copy into a book a short general description and name and address of a suspect given by an officer who had already reduced the information to writing and planned to accompany Ware to the home of the suspect, was a violation of a custom dependent on judgment. Nor does the record show the conduct to have been "detrimental to the public peace or welfare," actually or impliedly. There is no evidence that anyone in the vicinity was aware of Ware's failure to record information or of the dispute between Flowers and Ware. There was no breach of the peace, public or private. Nor does the record indicate that Ware's failure to record the information prevented him from performing his duties or tending to the public welfare. He was never given the chance to perform his duties after his obscene remark. Ware's subsequent refusal to write the information down may well have constituted a violation of a superior's order but that is not what he was charged with and was not what the Board found.

The judgment of the Circuit Court affirming the Board findings on charges II and III is reversed. The judgment in all other respects is affirmed.

STEPHAN and SNYDER, JJ., concur.