Dear Governor Ashcroft:
You have requested that our office review Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 231, 84th General Assembly, First Regular Session. In particular, the question you have posed relates to a possible conflict between Section 7.7 of the bill and Section 7.9 of the bill. Section 7.7 provides:
 7. The salary commission shall establish the compensation for each office at an amount not greater than that set by law as the maximum compensation. If the salary commission votes not to pay the maximum amount authorized by law for any officer, then the compensation shall be expressed as a percentage of the maximum allowable compensation, and any officer whose compensation is being established by the commission at that time shall receive the same percentage of their maximum amount.
Section 7.9 provides:
 9. The provisions of this section shall not require or permit a reduction in the amount of compensation received by any person holding office as of the effective date of this section.
The question you have posed is whether (1) all county officers must receive the same percentage of the maximum as compensation with the percentage being set so that each officer receives compensation no less than that which he presently receives, or (2) the percentage may be set so as to provide no raises for any county officers and if that percentage would result in any particular officer receiving less compensation than at present, that officer can receive his present compensation even if it is a higher percentage of the maximum than the percentage received by another county officer.
For example, let us assume that in X County, Officer A's present compensation is $20,000 and Officer B's present compensation is $15,000. Let us further assume that the maximum compensation under the bill for Officer A is $40,000 and for Officer B is $25,000. If the salary commission sets the percentage at 60% so as to keep Officer B's compensation at not less than his present compensation (60% x $25,000 = $15,000), then Officer A's compensation increases to $24,000 (60% x $40,000 = $24,000). Under this first scenario, the county would incur an additional $4,000 in expense for compensation of these county officers. If, on the other hand, the salary commission sets the percentage at 50% so Officer A does not receive an increase in compensation (50% x $40,000 = $20,000), then Officer B would receive less compensation than at present (50% x $25,000 = $12,500) so, in order to comply with Section 7.9 of the bill, Officer B's compensation would be $15,000. Under this second scenario, the county would not incur any additional expense for compensation of these county officers.
The question you have posed involves a construction of two possible conflicting provisions in the same bill. The first rule of statutory construction is to give effect to the intent of the legislature. State ex rel. Missouri State Board ofRegistration for Healing Arts v. Southworth, 704 S.W.2d 219
(Mo. banc 1986). All provisions of a legislative act should be construed together and harmonized if possible. State ex rel.McCubbin v. McMillian, 349 S.W.2d 453 (Mo.App. 1961). Apparently conflicting provisions of a statute should be construed if possible to give effect to both. State ex rel.McGrath v. McNeal, 591 S.W.2d 54 (Mo.App. 1979).
Based on the foregoing rules of statutory construction, it is the opinion of this office that the salary commission could set the percentage at a percentage so that no county officer receives an increase in his compensation. If that percentage would result in a county officer receiving a reduction in his present compensation, such officer would not receive his compensation based upon the percentage but would continue to receive his present compensation.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General