Donald MILLER and James Oberkramer, Appellants,

v.

Donald H. WHALEY, Clarence T. Hunter, Suzanne Hart, John A. Schicker, Jr., Mayor James Conway, Comprising the Board of Police Commissioners, Saint Louis, Missouri, Respondents.

No. 40605.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 1979.

London, Greenberg & Fleming, C. John Pleban, St. Louis, for appellants.

David O. Danis, St. Louis, for respondent.

CRIST, Judge.

Appeal from the circuit court's affirmance of a determination by the Board of Police Commissioners of the City of St. Louis that appellants, members of the St. Louis Metropolitan Police Department, failed to file a required police report of an incident and, when commanded to file a report several days after the incident, filed a false report. The Board assessed each a loss of 40 hours accumulated court and/or overtime on each of two charges, and designated each such punishment to run concurrently.

The inspector of the St. Louis Metropolitan Police Department charged appellants with violations of Rule 3, § 3.108(i) and Rule 9, § 9.015 of the Police Manual (published July 1, 1970). Rule 3, § 3.108(i) provides, in applicable part, that the officers "shall make reports, in conformity with established procedures, on all matters that come to his attention that require reporting." Rule 9, § 9.015 of the Police Manual provides, in applicable part, that "[f]alse reporting shall not be tolerated."

The above filed charges arose out of an incident on March 31, 1976, occurring about 8:10 to 8:25 p. m., at the Climax Pool Hall at 1523 South 39th Street. Appellants, along with several other officers, responded to an assist call relating to the flourishing of a sawed-off shotgun within the pool hall. The Board found that while the appellants were on the premises of the pool hall, two patrons were struck and injured, and the glass part of a juke box was broken. The Board further found that no police report was filed on the above incident until appellants Miller and Oberkramer were ordered to file such reports, and on April 7, 1976, Miller and Oberkramer filed reports denying the happening of any "reportable" incident.

On appeal, we must limit our review to a determination of whether the administrative Board's findings and order are supported by competent and substantial evidence upon the whole record. Mo.Const. Art. 5, § 22; § 536.140, RSMo.1969; Rule 100.07(b)(3). *E. g. State ex rel. Rice v. Public Service Commission*, 359 Mo. 109, 114, 220 S.W.2d 61, 64 (banc 1949); *McNeal v. Bequette*, 571 S.W.2d 657, 658 (Mo.App. 1978). The evidence must be viewed in the light most favorable to the decision of the Board. *Aubuchon v. Gasconade County R-1 School District*, 541 S.W.2d 322, 326 (Mo.App.1976). Neither this court nor the circuit court may substitute its judgment for that of the administrative Board. *McNeal v. Bequette*, 571 S.W.2d 657, 658 (Mo.App.1978). We find competent and substantial evidence supports the findings and order of the Board.

Department's Exhibit 2, introduced without objection, showed that there were

five police officers involved at the time and place in question. The department called several witnesses who were present in the pool hall on the night in question. Their testimony established that: (1) Five, or more than four, policemen entered the pool hall looking for the shotgun; (2) a policeman struck John A. McFadden in the head with a pool stick; (3) a policeman struck Tommy Lee Brownlee in the head with a pool stick; (4) a policeman busted the glass in the juke box with a pool stick; and (5) the window facing the street was broken while the policemen were present.

Appellants' case established the presence of appellants at the pool hall but that only officers Richards, Helton, and appellant Miller entered the pool hall in search of the shotgun. Upon an unsuccessful search of occupants and premises, the officers left. The officers testified that they did not injure any patrons nor did they damage property therein. All three testified that appellant Officer Oberkramer *never went inside* the pool hall but that he had maintained watch outside the door.

The Board's decision depended in part on whether it believed respondent's or appellants' witnesses. Appellants seem to base their contention that the Board's findings and order are without support of competent and substantial evidence upon the officers' testimony that no incident occurred. The Board chose to believe the testimony of the department's witnesses regarding the occurrence of an incident. Appellants admit to being present, although appellant Oberkramer claims to have been only standing outside the pool room. The testimony of the department's witnesses that five or more than four officers entered the pool room could support the Board finding that Officer Oberkramer entered the pool hall. Regardless of his entrance the evidence of standing guard outside the door would support a finding of being "on the premises." "The fact that there is a conflict in the testimony . . . does not impeach a contrary finding supported by substantial competent evidence." *Schrewe v. Sanders*, 498 S.W.2d 775, 780 (Mo.1973). "In addition, the determination of the credibility of

witnesses is a matter for the board." *McNeal v. Bequette*, 571 S.W.2d 657, 658 (Mo.App.1978). The Board's determination is supported by competent and substantial evidence on the whole record.

Appellants contend that the Board erred in overruling their motions for production of the police department's internal file made both before and during the hearing. Although the hearing examiner sustained respondent's hearsay objection, appellants' witnesses, the police officers who prepared the report, were allowed to testify "for the record" as to the report's contents. It is apparent from the leading nature of appellants' questions that appellants were already aware of the contents of the department's internal file before eliciting the testimony of the above officers.

Under the Administrative Procedure Act (A.P.A.), Ch. 536, RSMo., only three modes of discovery are provided for: depositions, subpoenas, and subpoenas duces tecum. §§ 536.073, 536.077, RSMo.1969. This court has consistently held that these methods of discovery are the only ones available in administrative proceedings. *Myers v. Moreno*, 564 S.W.2d 83, 87 (Mo. App.1978); *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536, 541 (Mo.App.1977). Because oral motions for production of evidence are not provided for in the Missouri A.P.A., the hearing officer properly denied appellants' motions for production of the department's internal file. Furthermore, because appellants apparently knew of the report's contents, it does not appear that appellants were prejudiced by the denial of discovery.

Appellants' final argument asserts that Rule 3, § 3.108(i) and Rule 9, § 9.015 are so vague as to fail on their faces to provide reasonable standards for enforcement and therefore violate the due process clauses of the Federal and Missouri Constitutions. Rule 3, § 3.108(i) requires officers to report incidents that require reporting "in conformity with established procedures." Testimony of several officers at the hearing indicated that customarily when several of-

ficers respond to a call, the one receiving the original call writes the only police report. Although assist men generally do not write reports, they are under a duty to see that information they have as witnesses to an incident is included in a report. Further, if an assisting officer arrives and takes affirmative action prior to the arrival of the officer who receives the call, the assist officer would be under a duty to file a report.

 Appellants rely on *DeGrazio v. Civil Service Commission*, 31 Ill.2d 482, 202 N.E.2d 522 (1964), as establishing the controlling standard in this case. The *DeGrazio* court held that police regulations are subject to the same due process standards as statutes. Missouri, however, rejected a similar contention in *Milani v. Miller*, 515 S.W.2d 412 (Mo.1974). Relying on *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), the *Milani* court held that police department regulations can be likened to military regulations and therefore need not meet the same standards of specificity as criminal statutes. The Missouri Supreme Court stated:

> "We may legitimately assume that by custom, usage and 'experience' a reasonable degree of 'specificity' has been afforded in the application of the regulations . . . and that the members of the Department are familiar with their responsibilities and duties. We are not dealing with a criminal statute which may leave the public uncertain as to its permissible conduct."

515 S.W.2d at 418–19. Here, to delineate every possible "reportable incident" would be impossible. It is apparent from the testimony that "custom, usage and 'experience'" do inform officers of the context of the "established procedures" which must guide their reporting practices. Therefore, Rule 3, § 3.108(i) is not void for vagueness.

 Rule 9, § 9.015 merely states that "[f]alse reporting shall not be tolerated." Appellants' argument that this rule is void for vagueness apparently relies on their argument with regard to Rule 3, § 3.108(i). This argument is equally unconvincing in this context.

The judgment of the circuit court upholding the decisions and order of the Board of Police Commissioners is affirmed.

REINHARD, P. J., and GUNN, J., concur.