**John T. GAFFIGAN, Appellant,**

v.

**Donald H. WHALEY et al., Respondents.**

**No. 41721.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied
July 15, 1980.

---

C. John Pleban, St. Louis, for appellant.

David O. Danis, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff John Gaffigan appeals from an order of the Circuit Court affirming the order and decision of the Board of Police Commissioners of the City of St. Louis suspending him from duty for three days without pay.

Plaintiff was charged with making a false statement in a report in violation of Rule 9, § 9.015 of the Police Manual of the City of St. Louis.[1] The allegedly false statement was made in a report describing a November 12, 1977 incident which involved Officer Gaffigan.

On the 12th of November, plaintiff stopped an automobile driven by Tallya S. Daniels because the vehicle's license plates were expired. After approaching the vehicle driven by Ms. Daniels, plaintiff also

---

1. The applicable part of § 9.015 provides: "False reportings shall not be tolerated."

noticed that the state inspection sticker and the city sticker were expired. He concluded that he would have to arrest Ms. Daniels and returned to his vehicle to call for a police cruiser. After the cruiser arrived, plaintiff returned to Ms. Daniels' vehicle to place her under arrest. A scuffle ensued between Daniels and plaintiff. During the altercation, La Vonda Whitley, a passenger in Ms. Daniels' vehicle, was struck on the head by Officer Gaffigan's flashlight.

Daniels apparently filed a complaint against plaintiff concerning his conduct while arresting her November 12, 1977. Plaintiff was required to submit a report relating the facts of the incident. In his report, plaintiff stated that he "produced a six cell flashlight from a holder on . . [his] belt and used same in an effort to protect our bodies from being kicked . . . ." The Board found this statement in plaintiff's report to be false and suspended him three days without pay.

In his first point on appeal, plaintiff contends that Rule 9, § 9.015 is so vague and uncertain that it violates his right to due process of law. He further contends that the rule is an "unrestricted delegation of power which leaves its definition of terms and meaning to the Board of Police Commissioners" and thereby invites arbitrary, discriminatory and overzealous enforcement.

■ Initially, we note that plaintiff has not properly preserved this point for review.

To properly raise a constitutional question a plaintiff is required to (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section number or by quotation of the provision itself; (3) state the facts showing the violation; (4) preserve the constitutional question throughout for appellate review.

*Gray v. City of Florissant,* 588 S.W.2d 722, 724 (Mo.App.1979). Here, plaintiff's petition for review alleged that the rule is "violative of the United States Constitution and the Constitution of the State of Missouri." This allegation fails to comply with the second requirement set forth in *Gray* and therefore preserves nothing for our review. Furthermore, we have previously upheld the validity of Rule 9, § 9.015 against an identical challenge in *Miller v. Whaley,* 581 S.W.2d 916, 919 (Mo.App.1979).

Plaintiff next asserts that he was prevented from adequately preparing his defense because the charge and specification were vague and indefinite and did not properly advise and give him notice of the charges against him.

■ Plaintiff relies upon *State v. Harris,* 313 S.W.2d 664 (Mo.1958), and *State v. Muchnick,* 334 S.W.2d 386 (Mo.App.1960) for the proposition that the charges must be definite and certain so that a defendant will not have to guess at the nature of the charges against him. Both *Harris* and *Muchnick* set forth rules pertaining to the necessary specificity of criminal indictments and informations and therefore are not applicable to the situation involved here. Where a police officer is charged with a violation of departmental rules "the charges need not be stated with such technical precision as in an indictment or information." *Milani v. Miller,* 515 S.W.2d 412, 416 (Mo. 1974). We believe the charges and specifications against Officer Gaffigan were more than adequate to allow him to prepare his defense.[2] Moreover, it is apparent from reading the record that plaintiff was aware that the charge concerned his statement regarding the location of the flashlight. His attorney directly questioned Officer

2. The charge read in part:
   Officer Gaffigan submitted a handwritten report, on November 29, 1977, addressed to the Inspector of Police, in which said report the officer wrote, 'I then produced a six cell flashlight from a holder on my belt and used same in an effort to protect our bodies from being kicked . . .', which information was false, as in actuality while Officer Gaffigan was at the 1972 Plymouth, he left that vehicle and walked to his police vehicle, which was parked to the rear of the Plymouth, obtained a flashlight from the police vehicle, and returned to the Plymouth.

Gay Fuhr, an officer assigned to the Internal Affairs Division, about the relevancy of the flashlight to the investigation of the incident and the relevancy of where plaintiff obtained the flashlight. We rule this point against plaintiff.

As his final point, plaintiff contends that the decision of the Board of Police Commissioners was not supported by competent and substantial evidence.

■ Our review of this question is limited to a determination of whether the Board's findings and order are supported by competent and substantial evidence. *Miller v. Whaley,* 581 S.W.2d at 917. We must review the evidence in the light most favorable to the decision of the Board, *Aubuchon v. Gasconade Cty. R–1 Sch. Dist.,* 541 S.W.2d 322, 326 (Mo.App.1976), and we may not substitute our judgment for that of the administrative board. *McNeal v. Bequette,* 571 S.W.2d 657, 658 (Mo.App.1978).

■ We believe the findings and decision of the Board of Police Commissioners are supported by substantial and competent evidence. The central question before the Board was whether plaintiff made a false statement in his report concerning the location of his flashlight. Ms. Daniels and two other witnesses testified that after the altercation between plaintiff and Daniels began, plaintiff returned to his patrol car, obtained the flashlight from the front seat of the car, and then walked back to the Daniels' vehicle. This was substantial evidence from which the Board could find that Gaffigan's statement in the report that he took the flashlight from a holder on his belt was false. While plaintiff presented a different version of what occurred at the scene, this conflict in the testimony does not impeach a contrary finding by the Board which was supported by substantial and competent evidence on the whole record. *Miller v. Whaley,* 581 S.W.2d at 918. This point is without merit.

The judgment of the circuit court affirming the decision of the Board of Police Commissioners is affirmed.

DOWD, P. J., and CRIST, J., concur.