**INDEPENDENT STAVE COMPANY, INC., Appellant,**

v.

**STATE HIGHWAY COMMISSION OF MISSOURI, Respondent.**

**No. WD 31961.**

Missouri Court of Appeals, Western District.

Nov. 24, 1981.

John W. Ellinger, Jefferson City, for appellant.

Bruce A. Ring, Chief Counsel, Curtis F. Thompson, Asst. Counsel, Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCH-ARD and CLARK, JJ.

PRITCHARD, Judge.

The dispositive question is whether appellant is precluded from challenging, by petition for restraining order and injunction, respondent's order to remove an interstate highway billboard or signboard by reason of appellant's failure to seek administrative or other judicial review of the order within 30 days after receipt of the notice to remove in accordance with § 226.580, RSMo 1978. On the issue, the trial court sustained a motion of respondent for judgment on the pleadings.

█ It was stipulated by the parties that respondent sent a notice to remove the subject sign to appellant by certified mail which was received on August 8, 1977. Appellant did not seek administrative review, did not file suit in circuit court as provided by § 536.150, and did not correct the alleged unlawfulness within 30 days of receipt of the notice. Also, in response to respondent's requests for admissions, appellant expressly admitted that Exhibit A, the notice of unlawful sign, attached to the request, was sent to it. [The attached notice is: "You are advised that an outdoor advertising structure or sign is being unlawfully maintained in a location described situated in Boone County, adjacent to State Highway I–70, specifically located 1.35 Miles East of Jct. I–70 & 240, identified as sign number 57–E–12A and by the enclosed photograph. The sign or outdoor advertising described is unlawful for the following reasons: * * * 7. The sign was erected on or after March 30, 1972, contrary to law. * * 10. Other Located less than 500′ from existing sign structures. * * *."] Appellant filed a request for hearing on October 12, 1977, and on January 3, 1978, respondent's hearing examiner directed appellant to show cause why its request for hearing should not be denied because of untimeliness. On January 26, 1978, appellant responded to the order to show cause by stating that the notice to remove was misplaced in its office. According to appellant's peti-

tion for restraining order and injunction, which was denied by the trial court on the motion of respondent, it sought leave to file an application for administrative review out of time which was denied on March 22, 1978, by a unanimous vote of the Commission.

By Point I, appellant contends that the trial court erred in denying its petition for injunction and in affirming respondent's order denying a hearing out of time because the notice to remove the sign was deficient in that it failed to specify the remedial action required to correct the alleged unlawfulness. The notice here is similar to the supplemental notice in *Hen House Interstate v. State Highway Commission*, 604 S.W.2d 821 (Mo.App.1980), which advised Hen House that " 'your sign location is within 500 feet of another sign' " and it was held that it was contrary to law in that it did not " 'meet the spacing requirements of § 226.540, Subsection 3, Part (a), Item a, of Senate Bill No. 382.' " It was also noted that it did not specify what remedial action should be taken, "but perhaps that would be obvious enough." 604 S.W.2d 824. The same would be true here, especially because the notice was entitled "Notice to Remove Outdoor Advertising", which removal would be the specification of the remedial action. The *Hen House* case compels a ruling against appellant on Point I.

By Point 8 appellant says respondent's order (of March 22, 1978), denying review out of time, was error because appellant became out of time through mistake, accident or inadvertence and that it had a meritorious claim, and respondent would not have been damaged by a hearing. Appellant did not timely request a hearing because, as it says, the notice was misplaced in its office. This was obvious negligence, and is a factual situation inapposite to that in *State ex rel. Overland Outdoor Advertising Co. v. Missouri State Highway Commission*, 612 S.W.2d 57 (Mo.App.1981), where it was held to be an abuse of discretion for the commission to deny a request for a hearing out of time where the appellant's chief operating officer had been ill, absent

from his office, and found the notice to remove only upon his return, he being the only one with knowledge and responsibility for appellant's affairs and for the sign in question. Here, there was no showing of a justifiable cause for the untimely request for a hearing. There was no need to show a meritorious claim. Respondent exercised its jurisdiction in considering the request for a hearing out of time, and there was no error in denying the same. Appellant cites *Cherry v. Wertheim*, 25 S.W.2d 118 (Mo. App.1930), but that case does not aid it because it requires that any accident, mistake, inadvertence, mischance, or unavoidable circumstances, which prevented a hearing, be unmixed with negligence or inattention.

Absent an allowance of a review out of time as provided by respondent's Rule 7 C.S.R. 10–6.090(2), the 30-day time for a request for review *of the merits* of respondent's determination that the subject sign is unlawful, is jurisdictional. Absent the grant of a review out of time upon a showing of justifiable cause for same, respondent was without power to consider the merits of appellant's claims. Nor did the trial court, in an exercise of derivative jurisdiction have the power to do so. See *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311 (Mo.App.1972), holding that the statutory time specification for review in Workers Compensation proceedings is jurisdictional and mandatory, there being no provision for a late request as provided by Rule 7 C.S.R. 10–6.090(2). So also in *State ex rel. Manchester Bank v. Enright*, 584 S.W.2d 416, 419[2, 3] (Mo.App.1979), and cases cited, where it is said, "An ineffective notice of appeal to an administrative agency from a decision of a subordinate presents nothing to the administrative agency to review." Thus, neither respondent nor the trial court had jurisdiction to consider appellant's further allegations which are presented in these points, because they go to the merits of respondent's determination that the sign was unlawful: Point 2, that the order was void because the sign advertised both a tourist oriented business and items of native arts and crafts and wood-

working in native products; Point 3, the order was void because respondent has failed to establish specific tourist areas as required by § 226.520(5); Point 4A, that the order was void because § 226.580 that signs advertising tourist oriented businesses shall be the last to be removed, and certain non-tourist signs remain standing; Point 4B, that the Secretary of Transportation has not ordered the sign to be removed as provided by § 226.520(5); Point 5, the order was void because the sign is a "back to back" or "V-shaped" sign specifically excepted by § 226.540; Point 6, the statutes are penal in nature and hence should be strictly construed against the state; Point 7, that the trial court erred in narrowly construing the billboard laws in favor of respondent because the General Assembly clearly intended to liberalize the laws by adopting additional exemptions and exceptions by amendments in favor of persons being regulated; Point 9 is that the trial court erred in denying the injunction and affirming the order denying review out of time because the signs are not subject to hearing procedures based upon respondent's regulations in that it has no authority to issue regulations involving classifications other than those described in § 226.550. As noted, because of lack of jurisdiction, none of these issues may be reached.

Point 10 is that the trial court erred in denying the injunction because the billboard laws are invalid in that they are vague, indefinite and uncertain. The trial court ruled against appellant on all issues, and the record does not show whether it ruled upon the specific ground of unconstitutionality which was asserted in paragraph 14j. of the petition: "That Petitioner further states that if it is finally determined that a permit is required by the provisions of Section 226.550 R.S.Mo. (V.A.M.S.–1978) as alleged in the said 'Notice', a failure to have such permit should not serve to work a forfeiture of any rights of the Petitioner with respect to said sign or make said sign unlawful for the reason that the provisions of Section 226.540, R.S.Mo. (V.A.M.S.–1978) are so vague, and ambiguous and confusing

as to not reasonably give notice to the Petitioner and others subject to the regulation of the requirements of law, and hence such provisions are unconstitutional and violative of the due process of law and equal protections provisions contained in Article 2, Sections 2 and 10, of the Constitution of Missouri, and the Fourteenth Amendment to the United States Constitution." This assertion was again made in appellant's motion for new trial.

█ Appellant's allegation in the trial court did not specify wherein § 226.540 was vague, ambiguous or uncertain as applied to it. As respondent says, the point here is more broad than the allegation in the trial court in that the entire billboard law is attacked, but nowhere in the point or in the argument is there a showing of wherein and why any section is vague, indefinite and uncertain as applied to appellant or any other persons. The point is insufficient under Rule 84.04(d), in that there is no statement of what action or ruling of the trial court is sought to be reviewed, and wherein and why any such action or ruling is claimed to be erroneous. Nor is there any citation of authority thereunder. This court is certainly at a loss as to what to consider. It must be concluded that no constitutional issue is presented, and the suggestion must be rejected that this case should be transferred to the Supreme Court of Missouri. See *St. Louis Teachers Ass'n v. Board of Education*, 456 S.W.2d 16, 18[3, 4] (Mo.1970), where it is said, "We have ruled many times that a constitutional question must be specifically raised at the first opportunity, kept alive throughout the case and in the motion for new trial, *and that it must be adequately covered in the briefs on appeal.* (Citing cases)" [Emphasis supplied.] See also *Gray v. City of Florissant*, 588 S.W.2d 722, 724[1, 2] (Mo.App. 1979), and cases cited; and *Gaffigan v. Whaley*, 600 S.W.2d 195, 197[1] (Mo.App. 1980). Accordingly, Point 10 is denied.

The judgment is affirmed.

All concur.