Chester KELL, Plaintiff-Appellant,

v.

Homer SAYAD, et al.,
Defendants-Respondents.

No. 46551.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1984.

Application to Transfer Denied
June 19, 1984.

C. John Pleban, St. Louis, for plaintiff-appellant.

David O. Danis, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff-appellant Chester Kell, a police officer of the city of St. Louis, brought an action under the Administrative Procedure and Review Act, Chapter 536 RSMo 1978, against respondent Board of Police Commissioners of the city of St. Louis to review the Board's order terminating appellant's employment for violation of each of three charges. This is an appeal from the trial court's judgment upholding the Board's order of dismissal.

Appellant's dismissal followed the Board's finding he had violated § 7.010(c), § 7.010(q), and § 7.010(w) of Rule 7 of the Police Manual. The Rules were issued pursuant to the provisions of § 84.170.2 RSMo 1978.

The Police Manual provides:

7.010 Standards of Conduct—

Every member of the department shall, at all times, maintain reasonable standards of courtesy in their relations with the public and with other members of the department and shall conduct themselves in such a manner that no discredit will be brought upon the department in general or themselves in particular.

Acts contrary to good conduct shall include, but not be limited to, the following:

. . . .

(c) Any conduct unbecoming to a member of the department.

. . . .

(q) Reporting sick or injured without notifying one's commanding officer or acting commanding officer prior to the appointed time for him to report for duty, or leaving his residence or place of

confinement while on the sick list except to obtain medical treatment or attention; or failing to contact a Department or private physician within twenty-four hours after reporting sick.

. . . .

(w) Failing to devote one's time and attention to the business of the department or following any other business or calling, without first obtaining written permission from the Chief of Police to engage in secondary employment. The Chief of Police shall promulgate a procedure to operate and control secondary employment.

Appellant was charged under § 7.010(c) with conduct unbecoming a member of the department in that on two separate days, December 17, 1980 and December 26, 1980 he cut and removed trees from property located in Monroe County, Illinois without the owner's consent. He was charged with violating § 7.010(w) in that on both dates he was involved in a timber cutting and removal operation which constituted "other business or calling" without first obtaining permission from the Chief of Police to engage in secondary employment. Finally, he was charged with violating § 7.010(q) by leaving his residence or place of confinement while on the sick list to engage in the timber cutting and clearing operation in Monroe County, Illinois on December 12, 1980 although he did not report back to duty until December 14, 1980.

The St. Louis Police Department Internal Affairs Division assigned Sergeant Ray Reynolds to investigate the complaint against appellant. Sergeant Reynolds testified that he directed appellant to prepare a written narrative of the circumstances and events surrounding the investigation of appellant's activities in December, 1980. He had previously advised appellant that he had a right to contact an attorney prior to preparing his report, but that his failure to prepare the report would subject him to discipline on that account. The report, department's Exhibit 4, was admitted over appellant's objection that it violated his constitutional rights, that it was obtained under duress and coercion in violation of state and federal constitutional due process and equal protection guarantees, and that its admission would render § 84.120 (Right To A Hearing) and Chapter 536 (Administrative Review) meaningless. Appellant prepared the report on January 10, 1981.

On appeal appellant contends that the court erred in affirming the Board's findings because those findings were based in part on the Board's Exhibit 4, appellant's statement given to the Internal Affairs Division; that without the statement there was insufficient evidence to support the three charges; and, the charges were themselves so vague, indefinite and uncertain as to not adequately, properly and specifically advise appellant of those acts and conduct which were prohibited or required by the St. Louis Metropolitan Police Department, and thus fatally deficient on due process constitutional grounds.

By statute appellant was subject to removal only for cause after a hearing. Section 84.120 RSMo 1978. The law requires that the hearing be conducted with due regard for appellant's constitutional due process rights. *Tonkin v. Jackson County Merit System Commission,* 599 S.W.2d 25, 32–33 (Mo.App.1980). The charges must fairly apprise appellant of the acts constituting the alleged offense, *Milani v. Miller,* 515 S.W.2d 412, 416 (Mo. 1974), and the Board must support its charges by competent and substantial evidence. *Hanebrink v. Parker,* 506 S.W.2d 455, 457 (Mo.App.1974). It follows that if the charges are supportable only on the basis of a coerced statement by appellant and if the statement's use is prohibited by due process guarantees then the Board's decision, affirmed by the trial court, should be reversed.

We look first to the adequacy of the charges. Appellant attacks the statement of charges on two fronts. He contends that the specified violations under Regulation 7 which constitute the charges are so vague and indefinite as not to provide any reasonable standard of enforcement and that they do not properly and adequately

advise appellant of what acts are prohibited or required of him. Hence, he argues, they violate the state and federal constitutional guarantees of due process.

With respect to the three charges, appellant contends that "conduct unbecoming to a member of the department," Rule 7.010(c), is unconstitutionally vague for failing to indicate whether the actions must be intentional, whether the police officer must actually be aware that his conduct is unbecoming or whether it is merely for the Board to determine that the act or acts were committed, without reference to intention or knowledge or prudence, and that they were "unbecoming."

Appellant contends that the language of Rule 7.010(w), "Following any business or calling without first obtaining permission to engage in secondary employment" is impermissibly vague for failure to define "employment." First, because it establishes no standards, and second, in that if it were interpreted to mean "any conceivable activity from which income may be received" it would be over-broad as unrelated to job performance and outside the stated purpose of Rule 7, to prohibit "acts contrary to good conduct."

Appellant contends that Rule 7.010(q), prohibiting "leaving his residence ... while on the sick list except to obtain medical treatment" is unconstitutionally vague on the facts of this case because it does not clearly deal with the situation where the employee is on sick leave, followed by scheduled recreation time before a scheduled return of duty, and the absence from home was shown by the evidence to be during the recreation time. Appellant points to the facts that on December 9, 10 and 11, he was charged with sick leave, and on December 12 and 13, he was charged with sick/recreation time. He was away from his home, in Illinois in connection with the logging operation on December 12.

We determine that the charges were not unconstitutionally vague on their face or as applied to appellant. The burden of proving unconstitutionally falls to appellant. *Kelley v. Johnson*, 425 U.S. 238, 247, 96 S.Ct. 1440, 1445, 47 L.Ed.2d 708 (1976). In *Vorbeck v. Schnicker*, 660 F.2d 1260 (8th Cir.1981), *cert. denied*, 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982), a number of rules of the Board of Police Commissioners of the city of St. Louis, including 7.010(c) and 7.010(w), were challenged as unconstitutionally vague. The district court dismissed the case on procedural grounds and the 8th Circuit Court of Appeals affirmed for lack of a justiciable issue. The court indicated that the rules were not facially unconstitutional, noting, however, that police regulations, like military regulations, are generally by necessity cast in broad terms. It cited *Milani v. Miller*, 515 S.W.2d 412, (Mo.1974), with approval for the proposition that courts may legitimately assume that by custom, usage and experience a reasonable degree of specificity will be afforded in the application of the regulations. *Vorbeck*, 660 F.2d at 1264. If the application of a rule engendered concrete problems of constitutional dimensions then it would be prohibited on due process grounds.

■ We find no such problematical application of the rule to the charges of conduct unbecoming an officer and following any other business or calling without obtaining the Chief's permission. Both charges were accompanied by specifications detailing the charge. They specified acts on December 17 and 26, 1980, in cutting down and removing trees from property without the consent of the owner and a timber cutting for removal operation without permission of the Chief. These charges are readily understandable and we see a rational connection with the legitimate purposes of the regulations to the city's promotion of safety of persons and property. Appellant has failed in his burden to demonstrate that there was no rational connection between the regulation and the city's promotion of safety and persons as required by *Kelley*.

■ The charge relating to absence from home for purposes other than medical attention during sick leave is clear on its face. We foresee a rational basis for the

regulation as being a limitation or control on abuse of sick leave absence from duty.

■ Appellant next contends that the Board failed to prove the charges by substantial and competent evidence. The Board dealt with each charge separately and in each case ordered appellant dropped from the rolls of the department and his employment terminated. Accordingly, if there was substantial and competent evidence of any one of the charges its decision must stand.

We review to determine whether the Board's decision is supported by competent and substantial evidence or whether it was so arbitrary as to be an abuse of discretion. *Worley v. Whaley*, 586 S.W.2d 721, 722 (Mo.App.1979).

■ Our review indicates that there was substantial and competent evidence to support the charges of employment without the Chief's permission and absence from home while on sick leave for other than medical purposes. The owner of land in Illinois testified that he observed appellant cutting down trees on his property on December 17, 1980 without his permission. There was a property line dispute and appellant had obtained permission from one owner but trees were cut on both his property and the complaining owner's property. Appellant was arrested in Illinois but the charges were later dropped. On the same day, appellant hand wrote and signed a statement which he gave to Illinois police authorities that on December 12, 1980 appellant and others cut timber to be sold as staves or veneer. There was evidence that appellant's application for permission to have secondary employment as a security guard had been denied but there had been no application for or approval of a logging or timber operation for profit. The resulting criminal charges demonstrated the inherent risk of disrepute on the department regardless of whether appellant's acts were intentional or inadvertent. Criminal prosecution of a police officer on charges relating to an unapproved secondary employment is or may be conduct unbecoming a member of the department and the regula-

tion as applied to appellant was reasonable. This charge and specification was supported by the evidence.

■ The evidence further supported the Board's finding that appellant violated Rule 7.010(q) in that he was absent from his residence without authorization after reporting sick and before reporting for duty. In appellant's written statement of December 17, 1980 he admitted cutting and clearing timber in Illinois after reporting sick on December 9 and before reporting back to duty on December 14, 1980. The evidence showed that police records reflected that appellant was carried as being on sick/recreation on December 12 and 13. The regulation required appellant to remain at home while on sick leave and when recovered to promptly report for duty with a medical certification that he was able to work. This charge and specification was supported by competent and substantial evidence consisting of appellant's own statement.

In view of our holding it is unnecessary to determine whether appellant's statement of January 10, 1981 given in response to an order of the investigating officer can be used in evidence in this disciplinary proceeding against its author. There was competent and substantial evidence, however, from the statement given to the Illinois police, without the statement given to the investigating officer to support two of the charges, either of which properly resulted in dismissal. On the facts of this case the requirement of the statement was therefore not prejudicial.

We affirm.

REINHARD and CRANDALL, JJ., concur.