**OSAGE OUTDOOR ADVERTISING, INC., Appellant,**

**v.**

**STATE HIGHWAY COMMISSION OF MISSOURI, Respondent.**

**No. WD 36072.**

Missouri Court of Appeals, Western District.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 27, 1985.

Alex Bartlett, of counsel, Bartlett, Venters, Pletz & Toppins, Jefferson City, for appellant.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Jefferson City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

Respondent ordered the removal of three prior nonconforming use highway signs without compensation. The signs advertised Champlin petroleum products, and were erected on Interstate 70, near its Kingdom City junction of U.S. Highway 54. Each sign referred to the Kingdom City Truck Terminal.

On October 2, 1979, the parties stipulated these facts as to each of the three signs: "The 'Kingdom City Truck Terminal' which is referred to on the sign is owned by the Champlin Petroleum Company and was closed on June 30, 1977, and said truck terminal has not reopened for business. Before that date Osage Outdoor Advertising entered into a contract with Champlin Petroleum Company pursuant to which Osage Outdoor Advertising agreed to maintain the sign thru a period of time through June 1, 1979. Champlin Petroleum Company made and continued to make the monthly payments to Osage Outdoor Advertising to maintain the advertising on this sign until June 1, 1979. Champlin Petroleum Company continues to sell 'Champlin' products, but not at the Kingdom City Truck Terminal."

Attached to copies of the respondent's review record filed in this court are photocopies of photographs of each sign. Although far from clear, they do show Champlin's logo and its name in the upper left corners. To the right of the logos are the words "Kingdom City Truck Terminal", and to the right of that appear exit directions.

Pursuant to the legislative authority of § 226.530, RSMo 1978, respondent adopted regulation 7 CSR 10–6.060(3)(E), effective October 15, 1977, which is:

"(E) Abandonment and Discontinuance. A non-conforming sign shall not be abandoned or discontinued after the date the sign becomes nonconforming. Abandonment or discontinuance occurs whenever:

1. The sign for a continuous period of twelve months or more advertises services or products no longer available to the travelling public because the services or products have been discontinued or cannot be obtained at the destination or by directions indicated on the sign; or * *."

The notices sent to appellant by respondent on August 6, 1979, informed the signs had lost their nonconforming status and must be removed because the products or

services advertised had been discontinued or could not be obtained at the destination or by directions indicated on the signs as prohibited by the above regulation. After hearing respondent ordered the signs removed which was affirmed by the trial court.

Respondent found that since June 30, 1977, the signs have advertised for 12 months or more continuously services and products no longer available at the destination and by the sign directions. It concluded that the signs were lawful, nonconforming signs before June 30, 1977, but that for a continuous period of 12 months after October 15, 1977 [the effective date of the above regulation], the signs advertised services and products no longer available to the travelling public at the destination or by the signs' directions.

Although respondent contends that appellant's Points I, II and III are waived because not presented in the Commission hearing [citing *Perez v. Webb*, 533 S.W.2d 650, 655–656[5][6] (Mo.App.1976); and *Independent Stave Co. v. State Hwy. Com'n, Etc.*, 625 S.W.2d 246, 249[2] (Mo.App. 1981)], because, apparently, this is the first time that an issue has been presented on the obsolescence of advertising of signboard services and products at a designated destination, the issues will be considered.

 In its bifurcated Point I, appellant contends that the advertising was in place before the effective date of the regulation (October 15, 1977). That is true, but the facts as stipulated show that for 21 months after the regulation became available, there were no products or services available at the advertised destination, the Kingdom City Truck Terminal. As respondent points out, appellant had 12 months after the effective date of the regulation to correct the sign's message but did not do so. The contention is without merit. It is next contended that the Champlin company and its products continued to exist through the period in question. It is so stipulated and also that its products are not sold at the Kingdom City Truck Terminal. Thus

the regulation applies because the products cannot be obtained at the destination or by directions indicated on the sign. The contention is overruled. It is then contended that the signs were not abandoned or discontinued so as to bring the factual situation within the provisions of the regulation. The regulation clearly provides that abandonment or discontinuance occurs when the products or services cannot be obtained at the destination or sign directions, thus the facts bring the sign within the purview of the regulation, contrary to the contention. Appellant next contends that the application of the regulation in the manner sought by respondent is outside the purpose of the highway beautification laws. The stated purpose of that law, as contained in 23 U.S.C.A. § 131, is: "(a) The Congress hereby finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to the Interstate System and the primary system should be controlled in order to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty." Note also *Nat. Advertising Co. v. State Highway Com'n*, 549 S.W.2d 536, 537 (Mo.App.1977), "The purpose of the legislation was to promote an orderly display of outdoor advertising by, among other things, providing funds to the states for the removal of unsightly outdoor advertising in the restricted area which cluttered open space or was unattractive by its appearance." See also *Boyce Industries v. Mo. Hy. and Transp. Com'n*, 670 S.W.2d 147 (Mo.App.1984), holding that the primary purpose of the Billboard Act, is to obtain removal of the unlawful signs. Expanding on these general purposes is 23 CFR § 750.707(d)(6), "The sign may continue as long as it is not destroyed, abandoned, or discontinued. * * * (i) Each state shall develop criteria to define destruction, abandonment and discontinuance. These criteria may provide that a sign which for a designated period of time has obsolete advertising matter * * * may constitute abandonment or discontinuance. * * *." The removal of signs deemed to

have been abandoned by reason of obsolete advertising messages, and thus being rendered unlawful, is certainly within the highway beautification laws under both the federal and state regulations, and the contention is denied. It is of no consequence that the Kingdom City Truck Terminal may still be in existence, inasmuch as the stipulation is that Champlin products and services are no longer there available, which is the dispositive fact relieving respondent of further proof, thus its burden is sustained. Point I in its entirety is overruled.

In its Point II (again bifurcated), appellant first asserts that the trial court erred in affirming respondent's order to remove the signs without compensation because Rule 7 CSR 10–6.060(3)(E)1, as applied is not a rule of "minimal necessity" required to comply with federal law which is authorized to be promulgated under § 226.530. The federal regulation, above, provides that each state shall develop criteria to define destruction, abandonment and discontinuance, and that it has become obsolete for a designated period of time. Respondent has accomplished both of these things by adoption of its regulation, thus covering the matters contained on the federal regulations. In the Boyce case, supra, it was held that changing supporting poles from wood to steel constituted a change in materials as would justify removal of the signs without compensation. The change in materials which would require the removal of a nonconforming sign would certainly justify, by analogy, the removal of signs which no longer advertised services and products at a destination designated on the sign, available to the travelling public on the highway. It was left up to respondent to adopt regulations to comply with federal laws, and it could determine what was of "minimal necessity", whether to require removal because of a change in materials, or to do the same with respect to obsolete signs. The assertion is denied. In assertion number 2, appellant says that the federal requirement (of minimal necessity) would be satisfied by a rule which only required by the particular advertising messages to be removed and other advertising

messages put in their place. Well, the rule granted to appellant the right to remove or change the designation of destination services and products within one year, and it did not do so. Surely appellant must be required to know of the adequacy of its tenant's advertising messages, and to require their correction if desired. The assertion is without merit. Thirdly, appellant asserts that under § 226.530, Rule 7 CSR 10–6.060(3)(E)1, was only "interimly effective" and ceased to be effective before the one year period of time had run with respect to the three signs so that no violation of the regulation actually occurred. Appellant gathers this assertion from the last sentence in § 226.530, "Such rule or regulation, or any amendment thereto, shall become interimly effective thirty days after such filing [in the office of the secretary of state], and shall remain in effect pending amendment, approval or rejection by the general assembly in the next regular or special session." [Brackets added.] V.A.M.S. pocket part to the section notes that the section was enacted in 1965, and amended in 1972. Several sessions of the General Assembly have since occurred up to the 1977 notice to remove herein, and it is not suggested anywhere that the General Assembly has ever taken action to amend, approve or reject the legislation. Thus, the regulation must be deemed to have continued in its original form, and no authority is cited to the contrary. Otherwise, cases which have been decided under the regulations since 1977, through the subsequent sessions of the General Assembly, would have no validity.

■ Although not related to any contention asserted under Point II, it is argued that the Congress amended 23 U.S.C.A. § 131 in 1978, to require just compensation for the removal of the subject three signs: "(g) Just compensation shall be paid upon the removal of any outdoor advertising sign, display or device lawfully erected under State law and not permitted under subsection (c) of this section, whether or not removed pursuant to or because of this section. * * *." Subsection (c) of this

statute refers to permitted signs for official landmark and on-premises purposes. Its reference to signs lawfully erected under state law must refer to those put in place *lawfully* under § 226.520. To adopt appellant's argument would be to nullify 23 CFR § 750.707(d)(6), relating to pre-existing nonconforming signs, and the state regulations which set forth criteria, as directed by the federal regulation, to define destruction, abandonment and discontinuance. The federal regulation speaks of *obsolete* advertising matter, which is the nub of this case, not being a matter of "message content", as suggested, as a basis for removal of the signs. Under the state regulation, supra, the signs have become illegal because of the products or services no longer being available at the destination, as designated on the signs, which fact existed for more than 12 months after the state regulation became effective. 23 CFR § 750.705 requires the states to remove illegal signs expeditiously and to establish enforcement procedures to discover illegally erected or maintained signs shortly after such occurrence and to cause their prompt removal. Again, to adopt appellant's argument would be to nullify the latter federal regulation, a power which this court does not possess. Under the Boyce case, supra, since the signs have become illegally maintained (i.e. products and services no longer available at destination), they must be removed without compensation. The argument is without merit. Point II in its entirety is overruled.

Appellant lastly contends (in Point III) that 7 CSR 10–6.060(3)(E)1, was unconstitutionally applied by respondent in requiring that the signs be removed without compensation, because of appellant's exercise of its constitutionally protected right of free speech, and in the taking of its property in violation of the just compensation and due process provisions of Const. Mo. Art I, §§ 10 and 26, and the first and fourteenth amendments to the United States Constitution. The answer is in the extended discussion in the *Boyce* case, supra, pages 150–152, saying first, "The protection afforded to a nonconforming use is not absolute and is subject to limitations as to the extension of the use, both in a functional and a temporal sense, and this is particularly true in cases involving billboards." Then follows citations of cases tending to destroy nonconforming uses as zoning restrictions as maximum regulations. Here, as in Boyce, the regulation applied is of minimal nature, as required by statute, to enable the state not to lose 10% of federal funds for highway purposes. The federal regulation specifically covers those signs which have become obsolete, and the state regulation merely sets up the criteria for their removal. As held in *Boyce*, the authority to remove without compensation is derived from federal law, which under the cases that *Boyce* cites (page 150 [4–7]), is not the limit constitutionally that Missouri precedent permits (page 151[10]). Under *Boyce*, the constitutional argument of Point III is overruled.

The judgment is affirmed.

All concur.