Ronald L. JACKSON,
Plaintiff/Appellant,

v.

Homer SAYAD, et al.,
Defendant/Respondent.

No. 52840.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 15, 1987.

Richard Gregory Byrd, Clayton, for plaintiff/appellant.

David O. Danis, St. Louis, for defendant/respondent.

KAROHL, Presiding Judge.

Ronald L. Jackson requested a review under Chapter 536 RSMo 1986 of his discharge from the City of St. Louis Police Department for violation of Rules 3, 7 and 9 of the Police Manual. This is an appeal from the trial court's judgment upholding the Board's order of dismissal.

Some of the relevant basic facts have been adjudicated in three different proceedings. One proceeding before the Appeals Tribunal of the Division of Employment Security determined that Jackson was eligible to receive unemployment compensation following his suspension from the police force. In the second proceeding a jury acquitted Jackson of a criminal charge of acceding to corruption, Section 576.020 RSMo 1978. The third proceeding before the St. Louis Board of Police Commissioners resulted in Jackson's dismissal. This is an appeal of the dismissal.

The facts presented to the Board can be summarized briefly. Officer Jackson and Officer Lane stopped a pick-up truck driven by Michael Williams at approximately 4:40 a.m. on February 5, 1983. David Barnes was the owner of the truck and was a passenger at the time it was stopped. Both are residents of Jackson, Mississippi. Williams had a quantity of marijuana on his person and did not have a valid operators license with him at the time he was stopped. Barnes had a sizeable amount of cash in his possession at the time. Officer Jackson solicited and accepted $1000 from Barnes in return for not arresting Williams for possession of marijuana and driving without a license. Officer Jackson failed to arrest Williams for possession of controlled substance. Officer Jackson failed to take appropriate action against Williams for operating a truck without a license. Officer Jackson did not secure evidence and property that came into his physical custody, to wit: marijuana.

Jackson's dismissal followed the Board's finding he had violated Section 3.108(1), Section 7.010(c) and Section 9.001(r) of the Police Manual. The Rules were issued pursuant to the provisions of Section 84.170.2 RSMo 1978. The Police Manual provides, inter alia:

3.108 Duties of Beat Patrolmen—Each patrolman, in the discharge of his duties, shall exercise authority consistent with the obligations imposed upon him by his oath of office, and be accountable to his superior officers for his performance of duty which includes, but is not limited to, the following:

\* \* \* \* \* \*

(1) he shall be accountable for the securing, receipting and proper transporting of all evidence and property coming into his custody.

\* \* \* \* \* \*

7.010 Standards of Conduct—Every member of the department shall, at all times, maintain responsible standards of courtesy in their relations with the public and with other members of the department and shall conduct themselves in such a manner that no discredit will be brought upon the department in general or themselves in particular.

Acts contrary to good conduct shall include, but not limited to, the following:

\* \* \* \* \* \*

(c) Any conduct unbecoming to a member of the department.

\* \* \* \* \* \*

9.001 General Duty Regulations—In addition to the specific duties of each individual rank and position ... the following general duty provisions are applicable to all members of the department and must be observed:

\* \* \* \* \* \*

(r) neglect of duty, improper performance of duty, sleeping or loafing while on duty, is subject to disciplinary action.

The Board concluded that Jackson solicited and accepted money in return for not arresting Williams and Barnes in violation of Rule 7; that he failed to arrest Williams for possession in violation of Rule 9; that he failed to take appropriate action against Williams for driving without a license in violation of Rule 9; and that he failed to secure evidence and property that came into his physical custody in violation of Rule 3. The Board ordered appellant dropped from the rolls of the department for each offense.

Appellant was charged with violating these three rules of the St. Louis Police Department. He was suspended on March 14, 1983. Thereafter, he filed a claim requesting unemployment compensation. The Appeals Tribunal of the Division of Employment Security issued a determination that Jackson was not suspended for misconduct connected with his work on June 24, 1983. Michael Williams and David Barnes, non-residents of Missouri, did not testify in the Division of Employment Security proceeding. The present record does not detail which acts of misconduct were there asserted to prevent payment of unemployment benefits. The decision allowed Jackson to receive unemployment compensation.

On December 15, 1983 a jury acquitted Jackson of a charge of acceding to corruption, Section 576.020 RSMo 1978. The jury rejected the testimony of the witnesses for the state. The claim of error on appeal is collateral estoppel premised only on the employment security decision, not the criminal proceeding. The petition for review alleged collateral estoppel by the criminal proceeding only.

The Board of Police Commissioners hearing to review the charges against Jackson was held on January 21, 1984. On May 29, 1984 the Board issued its findings of fact and conclusions of law, which found and concluded that Jackson: (1) violated Section 7.010(c) in soliciting and accepting money from a suspect; (2) violated Section 9.001(r) in failing to arrest a suspect found to be in possession of a controlled substance; (3) violated Section 9.001(r) in failing to take appropriate action against an individual for operating a motor vehicle without a valid operator's license; and (4) violated Section 3.108(*l*) in failing to secure evidence and property that came into his physical custody on February 5, 1983. For these violations the Board ordered Jackson's dismissal.

Appellant filed a Chapter 536 petition for administrative review with the circuit court in June, 1984. In August, 1984, the Employment Security Appeals Tribunal ruled that its June, 1983 decision was binding and that Jackson's discharge was for the same reason as the suspension. In the circuit court hearing on January 12, 1987, Jackson's attorney offered collateral estoppel of the Employment Security Tribunal decision for the first time. The court sustained the Board's objection that the defense was not available because it was not

presented at the Board hearing and declined consideration of this issue. The next day the trial court upheld the Board's dismissal of Jackson. It found the decision supported by competent and substantial evidence on the record as a whole.

Appellant police officer claims the Board erred in terminating his employment because: (1) a decision of the Division of Employment Security Appeals Tribunal collaterally estopped proof of the charges which resulted in suspension and discharge; (2) the Board's decision was based upon evidence adduced outside the formal hearing which deprived appellant of due process and a fair hearing; and (3) appellant's right to equal protection was violated because at least one member of the Board exhibited racial bias.

Initially, we note that none of the enumerated claims of error were presented to the Board. In fact only one, the racial bias issue, was raised in the Petition for Review.

We do not review the circuit court's decision. Our review is limited to a determination of whether the Board's findings and order are supported by competent and substantial evidence. *Duckworth v. Sayad*, 670 S.W.2d 88, 90 (Mo.App.1984); *Gaffigan v. Whaley*, 600 S.W.2d 195, 198 (Mo.App. 1980). We must review the evidence in the light most favorable to the Board's decision and we may not substitute our judgment for that of the Board. *Gaffigan*, 600 S.W. 2d at 198. If there was substantial and competent evidence of any one of the charges, the decision must stand. *Kell v. Sayad*, 670 S.W.2d 82, 86 (Mo.App.1984).

Appellant's claim that the decision of the Appeals Tribunal of the Division of Employment Security collaterally estops the issue of misconduct was never presented to the Board of Police Commissioners. The Board made no findings of fact or law relating to this claim. The only collateral estoppel issue raised in the Petition for Review filed before the circuit court concerned Jackson's acquittal of criminal charges. Collateral estoppel by the Em-

ployment Security decision was first presented to the circuit court although not pleaded and, upon timely objection by the Board, not considered. Further, the record does not contain sufficient detail or developed facts to determine that all the charges made by the Board were raised and considered by either the Division of Employment Security or in the criminal case. The absence of pleading and a full record are therefore important.

■ In oral argument appellant's attorney cited two cases for the proposition that an appellate court can review issues not raised in the Petition for Review. *Century State Bank v. State Banking Board of Mo.*, 523 S.W.2d 856 (Mo.App.1975); *Ross v. Robb*, 651 S.W.2d 680 (Mo.App.1983). However, *Century* only held that where the trial court failed to make findings of fact and conclusions of law as required by statute this issue may be raised for the first time on appeal. *Century*, 523 S.W.2d at 860. *Ross v. Robb*, observed that *Century* is a very narrow ruling and all other grounds must be asserted in the petition for review or are deemed waived. *Id.* at 683. Further, this court will not set aside an administrative action unless the agency has been given a prior opportunity to consider the point. *Weinbauer v. Grey Eagle Distributors*, 661 S.W.2d 652, 656 (Mo.App. 1983). We cannot convict the Board of erroneously deciding an issue never presented to it. We find the collateral estoppel issue relating to the employment security matter was not preserved by presenting the claim to the Board or by pleading in the Petition for Review and, therefore, is not properly before this court.

■ Even if we were to reach the merits of appellant's claim, we would affirm the Board's decision. Our Supreme Court established a four-prong test to determine when application of collateral estoppel is appropriate. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713 (Mo. banc 1979). The four factors are: (1) whether the issue involved in the prior suit is identical, (2)

whether the prior decision is a judgment on the merits, (3) whether the party against whom collateral estoppel is asserted was a party in the prior proceeding, and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue previously. *Id.* at 719. Absent a pleading of estoppel below on the same ground argued here and a fully developed record before the Employment Security Tribunal, we cannot determine whether the issues in that hearing were identical to those decided by the Board. Thus appellant failed to meet the first factor of *Oates.* In addition, appellant will not be allowed to rely on the decision of the Division of Employment Security to preclude the Board from holding a full hearing on the merits without pleading and proving the Board had a full and fair opportunity to litigate all the charges of employee misconduct which later became administrative charges to support a dismissal. Appellant neither pleaded nor proved this as required by the fourth factor of *Oates.* Collateral estoppel does not reach issues which might have been litigated, only those which were unambiguously decided. *Owens v. Government Employees Ins. Co.,* 643 S.W.2d 308, 310 (Mo.App.1982).

Appellant cites *Bresnahan v. May Dept. Stores Co.,* 726 S.W.2d 327 (Mo. banc 1987) for the proposition that the Board was collaterally estopped from terminating him. The Supreme Court there held the employee was estopped in the civil suit from relitigating the claim of wrongful discharge. In *Bresnahan* the employer timely asserted the affirmative defense of collateral estoppel against employee's claims of breach of contract and wrongful dismissal. There the employee chose the first forum before the Employment Security Tribunal. She thereafter filed a common law suit in circuit court. Here we have the reverse. An employee chose the first forum and successfully received employment benefits over employer's objections and thereafter the employer sought dismissal. Now the employee wants to use the administrative decision in a defensive manner to preclude

the employer from terminating him in a later proceeding. We do not believe *Bresnahan* applies. *Bresnahan* holds only that the employee who chooses the administrative forum may be collaterally estopped on issues actually decided. It did not decide that another party is subject to estoppel, particularly where estoppel is not pleaded on the basis of the prior administrative hearing. Without fully developed facts on the record before us, this court cannot determine what issues were decided in the Employment Security Tribunal proceeding. In *Bresnahan,* the court had before it both pleading and proof of the collateral estoppel issue. *See also* Rule 55.08 which denotes estoppel as an affirmative defense which must be affirmatively set forth in a forum guided by the rules of civil procedure.

Appellant's next claim alleges a due process violation in that the Board accepted evidence outside the hearing without providing notice to appellant. Jackson bases this argument on two entries in the Board's minutes and the testimony of a member of the Board, Col. Wintersmith. The first entry reflects the fact that Wintersmith personally received some additional information not on the record about the case and wanted time for the Internal Affairs Division to investigate it. The next entry indicated that Internal Affairs had responded to Wintersmith's request. Col. Wintersmith testified that he neither discussed the additional information with other Board members, nor did he review any reports not introduced into evidence at the hearing. We infer from the record that this additional information related to the bad character of the two individuals who testified against Jackson at the Board hearing or to acts not attributed to appellant. If so, this information, if read, would have been beneficial not detrimental to appellant. The evidence is that it was not read and played no part in the decision of the Board.

Appellant cites two cases which establish general principles of due process in administrative hearings. In *Jones v. State Dept.*

*of Public Health and Welfare,* 354 S.W.2d 37 (Mo.App.1962) the court stated that due process requires administrative proceedings afford the parties a fair hearing and contain the fundamental elements of fair play. *Id.* at 39. *Tonkin v. Jackson County Merit Com'n,* 599 S.W.2d 25 (Mo.App. 1980) adds the admonition that a party to an administrative hearing must be given the opportunity to hear evidence submitted against him, to confront and cross-examine witnesses, and to rebut testimony of such witnesses by evidence on his own behalf. *Id.* at 33. While these statements of law are correct, there is no evidence in the record showing a violation of appellant's due process rights.

■ The hearing was conducted in due form. Appellant was given every opportunity to offer evidence on his behalf as well as cross-examine and rebut the evidence and testimony offered against him. The mere fact that other evidence which may have shown the bad character of adverse witnesses came to light after the hearing in no way prejudices the hearing itself. The fact that Wintersmith told no one else on the Board of the additional request for information rebuts appellant's contention that his dismissal resulted from "hidden" evidence. A strong presumption exists in favor of the validity of an administrative determination. *Aubuchon v. Gasconade Co. R–1 Sch. Dist.,* 541 S.W.2d 322, 326 (Mo.App.1976). This presumption may only be overcome by clear and convincing evidence. *Id.* Appellant fails to meet this burden of proof.

■ Appellant's final point alleges a constitutional violation because at least one member of the Board exhibited racial bias. Appellant cites several comments by Col. Wintersmith, a black member of the Board, to support his claim of racial discrimination. Wintersmith testified that in his opinion more charges are brought against black officers than white officers because of racism. He further opined that "a bad black cop is worse than a bad white cop." Final-

ly he stated that he personally tries to examine the charges against black police officers more thoroughly. From these general statements, appellant alleges racial bias against him as a black police officer on the part of Col. Wintersmith. None of the statements were personalized to appellant.

Appellant does not illustrate by reference to a factual base how this "racism" was a factor in his discharge. Appellant does not contest the sufficiency of the evidence nor does he challenge the Board's findings of fact and conclusions of law. The decision of the Board was unanimous; all four members found appellant guilty on all four charges. Nowhere in his argument does appellant tie Wintersmith's remarks to the Board's decision to discharge him for violating police department rules. There is no evidence in the record from which we can conclude that racism was a factor in appellant's dismissal. Col. Wintersmith's generalizations of personal opinion are not self-proving of appellant's conclusory claim of racial bias. Once again, appellant fails to provide clear and convincing evidence of Board error. *Aubuchon,* 541 S.W.2d at 326.

We affirm.

SMITH and KELLY, JJ., concur.